**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Darren Williams, Jennifer Gannon, individually and on behalf of all others similarly situated, | Case No. 3:21-cv-50207 |
| Plaintiffs, | |
| - against - | Honorable Iain D. Johnston |
| Molson Coors Beverage Company USA LLC, | |
| Defendant. | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION................................................................. 1

II. SUMMARY OF PLAINTIFFS' ALLEGATIONS ............................................. 2

III. ARGUMENT ................................................................. 4

    A. Plaintiffs' State Law Claims are Preempted. ...................................4

    B. The FDA Has Primary Jurisdiction For Plaintiffs' Claims. ........................8

    C. Plaintiffs' GBL and ICFA Claims Fail to Allege Facts Demonstrating a Reasonable Consumer Would Be Materially Misled. ...................................9

        1. No reasonable consumer would have interpreted "with Vitamin C" to mean that alcoholic beverages are healthy............................................ 11

        2. No reasonable consumer would have interpreted a picture of fresh fruit to mean VIZZY is a nutritionally-equivalent source of nutrients found in the fruits. ................................................. 12

    D. Plaintiffs Lack Standing to Seek Injunctive Relief. ..................................13

    E. Plaintiffs Fail to Plead a Claim for Breach of Express Warranty Under State Law.................................................15

        1. Plaintiffs' unreasonable interpretation of "with Vitamin C" cannot be construed as a factual warranty............................................. 15

        2. Plaintiff has not alleged timely notice of breach to Molson Coors as required under N.Y. U.C.C. § 2-607(3)(a) and 801 ILCS 5/2-607(3)(a). .... 16

    F. There Is No Viable Claim for Breach of an Implied Warranty of Merchantability...17

    G. Plaintiff Does Not State a Claim for Violation of the Magnuson-Moss Warranty Act. ................................................18

    H. Plaintiffs Have Failed to State A Claim for Negligent Misrepresentation.................19

    I. Plaintiffs Have Failed to Meet the Heighted Pleading Standards of Rule 9. .............21

    J. Plaintiffs' Duplicative Claim for Unjust Enrichment Fails........................22

IV. LEAVE TO AMEND SHOULD BE DENIED ............................................. 24

V. CONCLUSION ................................................................. 25

i

## TABLE OF AUTHORITIES

**Page(s)**

### Federal Cases

*In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*,
275 F. Supp. 3d 910 (N.D. Ill. 2017) ...............................................................*passim*

*Ackerman v. Coca-Cola Co.*,
No. CV-090395 (JG), 2010 WL 2925955 (E.D.N.Y. July 21, 2010) ................................ 7, 17

*Alce v. Wise Foods, Inc.*,
No. 17-CV-2402 (NRB), 2018 WL 1737750 (S.D.N.Y. Mar. 27, 2018) ............................. 23

*Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*,
860 F.3d 489 (7th Cir. 2017) .................................................................................. 3

*Anschutz Corp. v. Merrill Lynch & Co.*,
690 F.3d 98 (2d Cir. 2012) ................................................................................... 20

*Aquino v. C.R. Bard, Inc.*,
413 F. Supp. 3d 770 (N.D. Ill. 2019) ...................................................................... 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................ 9

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) ................................................................................. 8

*Axon v. Citrus World, Inc.*,
No. 18-cv-4162 (ARR) (RML), 2019 U.S. Dist. LEXIS 6439 (E.D.N.Y. Jan. 14,
2019)................................................................................................................ 24

*Axon v. Florida's Nat. Growers, Inc.*,
813 F. App'x 701 (2d. Cir. 2020)........................................................................... 10

*Barreto v. Westbrae Natural, Inc*,
518 F. Supp.3d 795 (S.D.N.Y. 2021)...................................................................... 15

*Bates v. Dow Agrosciences LLC*,
544 U.S. 431 (2005) ............................................................................................ 5

*Bautista v. Cytosport, Inc.*,
No. 15-CV-9081, 223 F. Supp. 3d 182 (S.D.N.Y. 2016)........................................... 23

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................ 9

*Bober v. Glaxo Wellcome PLC*,
246 F.3d 934 (7th Cir. 2001).............................................................................. 9, 23

*Borchenko v. L'Oreal USA, Inc.*,
  389 F. Supp. 3d 769 (C.D. Cal. 2019) ........................................................................ 6

*Borenkoff v. Buffalo Wild Wings, Inc.*,
  No. 16-CV-8532 (KBF), 2018 WL 502680 (S.D.N.Y. Jan. 19, 2018) ................................. 23

*Brazil v. Dole Food Co.*,
  935 F. Supp. 2d 947 (N.D. Cal. 2013) ........................................................................ 19

*Buonasera v. Honest Co., Inc.*,
  208 F. Supp. 3d 555 (S.D.N.Y. 2016) ......................................................................... 23

*Campbell v. Whole Foods Market Group, Inc.*,
  516 F.Supp. 3d 370 (S.D.N.Y. 2021) .................................................................... 19, 20

*Carver v. City of New York*,
  621 F.3d 221 (2d Cir. 2010) ...................................................................................... 13

*Catalan v. GMAC Mortg. Corp.*,
  629 F.3d 676 (7th Cir. 2011) ..................................................................................... 19

*CC Indus., Inc. v. Ing/Reliastar Life Ins. Co.*,
  266 F. Supp. 2d 813 (N.D. Ill. 2003) .......................................................................... 20

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ................................................................................................... 14

*Clapper v. Amnesty Int'l*,
  568 U.S. 398 (2013) ................................................................................................. 13

*Colella v. Atkins Nutritionals, Inc.*,
  348 F. Supp. 3d 120 (E.D.N.Y. 2018) .................................................................. 4, 8, 17

*Cosgrove v. Oregon Chai, Inc.*,
  520 F. Supp. 3d 562 (S.D.N.Y. 2021) ............................................................ 14, 16, 18, 22

*Davis v. G.N. Mortg. Corp.*,
  396 F.3d 869 (7th Cir. 2005) ..................................................................................... 21

*Davis v. Hain Celestial Grp., Inc.*,
  297 F. Supp. 3d 327 (E.D.N.Y. 2018) ......................................................................... 12

*Diaz v. Paragon Motors of Woodside, Inc.*,
  424 F. Supp. 2d 519 (E.D.N.Y. 2006) ......................................................................... 19

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ....................................................................................... 9

*Ebin v. Kangadis Food Inc.*,
  No. 13 Civ. 2311 (JSR), 2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013) ............................ 18, 19

iii

*Ellis v. Tribune Television Co.*,
    443 F.3d 71 (2d Cir. 2006) ............................................................................................ 8

*Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*,
    375 F.3d 168 (2d Cir. 2004) ........................................................................................ 21

*Exela Pharma Sciences, LLC v. Sandoz, Inc.*,
    486 F. Supp. 3d 1001 (W.D.N.C. 2020) ...................................................................... 6

*Fink v. Time Warner Cable*,
    714 F.3d 739 (2d. Cir. 2013) ...................................................................................... 10

*Freeman v. MAM USA Corp.*,
    No. 1:20-cv-01834, 2021 WL 1103350 (N.D. Ill. March 23, 2021) ...................... 14

*In re Fruit Juice Products Mktg. and Sales Practices Litig.*,
    831 F. Supp. 2d 507 (D. Mass. 2011) ........................................................................ 24

*Fuchs v. Menard, Inc.*,
    No. 17-cv-01752, 2017 WL 4339821 (N.D. Ill. Sept. 29, 2017) ........................... 24

*Garrison v. Heublein, Inc.*,
    673 F.2d 189 (7th Cir. 1982) ................................................................................ 12, 16

*GoHealth, LLC v. Simpson*,
    No. 13 C 02334, 2013 WL 6183024 (N.D. Ill. Nov. 26, 2013) .............................. 21

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*,
    8 F. Supp. 3d 467 (S.D.N.Y. 2014) ............................................................................ 15

*Gordon v. Hain Celestial Grp., Inc.*,
    No. 16-CV-6526, 2017 WL 213815 (S.D.N.Y. Jan. 18, 2017) ............................... 22

*Gubala v. CVS Pharm., Inc.*,
    2016 U.S. Dist. LEXIS 32759 (N.D. Ill. 2016) .......................................................... 5

*Hayes v. General Mills, Inc*
    No. 19-cv-05626, 2021 WL 3207749 (N.D. Ill. July 29, 2021) ............................. 14

*Healy v. Metro. Pier & Exposition Auth.*,
    804 F.3d 836 (7th Cir. 2015) ........................................................................................ 4

*Hesse v. Godiva Chocolatier, Inc.*,
    463 F. Supp. 3d 453 (S.D.N.Y. 2020) ........................................................................ 18

*Hillen v. Blistex, Inc.*,
    No. 17 C 2074, 2017 WL 2868997 (N.D. Ill. July 5, 2017) ................................... 23

*Ibarolla v. Nutrex Research, Inc.*,
    No. 11 C 4868, 2012 WL 5381236 (N.D. Ill. Oct. 31, 2012) ..................... 16, 19, 22

iv

*Ibarrola v. Kind, LLC*,
    83 F. Supp. 3d 751 (N.D. Ill. 2015) (Illinois common law fraud requires reliance)... 22, 23, 24

*Kaufman v. Sirius XM Radio, Inc.*,
    No. 09 Civ 95590(VM), 2010 WL 4968049 (S.D.N.Y. Nov. 23, 2010) ................................ 10

*In re Kind LLC "Healthy and All Natural" Litig.*,
    287 F. Supp. 3d 457 (S.D.N.Y. 2018) .................................................................................. 9

*Lugones v. Pete and Gerry's Organic, LLC*,
    440 F. Supp. 3d 226 (S.D.N.Y. 2020) .......................................................................... 14, 16

*MacNeil Auto. Products, Ltd. v. Cannon Auto. Ltd.*,
    715 F. Supp. 2d 786 (N.D. Ill. 2010) ................................................................................. 17

*Malvar Egerique v. Chowaiki*,
    No. 19 Civ. 3110 (KPF), 2020 WL 1974228 (S.D.N.Y. Apr. 24, 2020) ............................. 21

*Manley v. Hain Celestial Group, Inc.*,
    417 F. Supp. 3d 1114 (N.D. Ill. 2019) ............................................................................... 18

*Marino v. Coach, Inc.*,
    264 F. Supp. 3d 558 (S.D.N.Y. 2017) ................................................................................ 24

*McKinniss v. Kellogg USA*,
    No. 07-CV-2611 ABC(RCx), 2007 WL 4766060 (C.D. Cal. Sept. 19, 2007) ...................... 13

*Melendez v. ONE Brands, LLC*,
    No. 18-CV-6650 (CBA) (SJB), 2020 WL 1283793 (E.D.N.Y. Mar. 16, 2020) ..................... 24

*Mid Island LP v. Hess Corp.*,
    983 N.Y.S.2d 204 (N.Y. Sup. Ct. 2013) ............................................................................. 16

*Miller v. Astellas US LLC*,
    No. 20 C 3382, 2021 U.S. Dist. LEXIS 71187 (N.D. Ill. Apr. 13, 2021) .............................. 3

*Morrison v. YTB Int'l, Inc.*,
    641 F. Supp. 2d 768 (S.D. Ill. 2009) .................................................................................. 10

*O'Connor v. Ford Motor Co.*,
    477 F. Supp. 3d 705 (N.D. Ill. 2020) ........................................................................... 17, 19

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) .......................................................................................................... 14

*Oshana v. Coca–Cola Co.*,
    472 F.3d 506 (7th Cir. 2006)............................................................................................. 23

*Parks v. Ainsworth Pet Nutrition, LLC*,
    377 F. Supp. 3d 241 (S.D.N.Y. 2019) ............................................................................... 23

*Petrosino v. Stearn's Products, Inc.*,
   No. 16-CV-7735 (NSR), 2018 WL 1614349 (S.D.N.Y. Mar. 30, 2018) .............................. 16

*Phillips v. Prudential Ins. Co. of Am.*,
   714 F.3d 1017 (7th Cir. 2013) .................................................................. 3

*Premium Mortg. Corp. v. Equifax, Inc.*,
   583 F.3d 103 (2d Cir. 2009) ................................................................... 21

*Price v. L'Oreal USA, Inc.*,
   No. 17-CV-614 (LGS), 2017 WL 4480887 (S.D.N.Y. Oct. 5, 2017) .................................. 23

*Quinn v. Walgreen Co.*,
   958 F. Supp. 2d 533 (S.D.N.Y. 2013) ........................................................... 16

*Red v. Kraft Foods, Inc.*,
   No. 10-CV-1028, 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012) ..................................... 13

*Riegel v. Medtronic, Inc.*,
   552 U.S. 312 (2008) ........................................................................... 5

*Roppo v. Travelers Commer. Ins. Co.*,
   869 F.3d 568 (7th Cir. 2017) .................................................................. 22

*Roppo v. Travelers Companies*,
   100 F. Supp. 3d 636 (N.D. Ill. 2015) .......................................................... 22

*Rosenblum v. Travelbyus.com*,
   299 F.3d 657 (7th Cir. 2002) ................................................................... 3

*Russian Media Grp., LLC v. Cable Am., Inc.*,
   598 F.3d 302 (7th Cir. 2010) ................................................................... 4

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*,
   No. MDL-1703, 2009 WL 937256 (N.D. Ill. Apr. 6, 2009) ......................................... 22

*Shain v. Ellison*,
   356 F.3d 211 (2d Cir. 2004) ................................................................... 13

*Silva v. Smucker Nat. Foods, Inc.*,
   No. 14 ................................................................................... 17, 18

*Simic v. City of Chicago*,
   851 F.3d 734 (7th Cir. 2017) .................................................................. 14

*Singleton v. Fifth Generation, Inc.*,
   No. 15-CV-474, 2016 WL 406295 (N.D.N.Y. Jan. 12, 2016) ...................................... 15, 16

*Solak v. Hain Celestial Grp., Inc.*,
   No. 3:17-CV-0704, 2018 WL 1870474 (N.D.N.Y. Apr. 17, 2018) ..................................... 12

*Somers v. Beiersdorf, Inc.*,
    467 F. Supp. 3d 934 (S.D. Cal. 2020) ........................................................ 6

*Steele v. Wegmans Food Markets, Inc.*,
    472 F. Supp. 3d 47 (S.D.N.Y. 2020) ......................................................... 6

*Susan B. Anthony List v. Driehaus*,
    573 U.S. 149 (2014) ................................................................................ 13

*Turek v. General Mills*, *Inc.*,
    662 F.3d 423 (7th Cir. 2011) .............................................................. 5, 6

*Tutoki v. Celebrezze*,
    375 F.2d 105 (7th Cir. 1967) ................................................................... 8

*Twohig v. Shop-Rite Supermarkets, Inc.*,
    519 F. Supp. 3d 154 (S.D.N.Y. 2021 ..................................................... 22

*Viscusi v. Procter & Gamble*,
    No. 05 Civ. 1528 (DLI) (LB), 2007 WL 2071546 (E.D.N.Y. July 16, 2007) ...................... 17

*Voelker v. Porsche Cars North Am., Inc.*,
    353 F.3d 516 (7th Cir. 2003) ................................................................ 18

*Workman v. Plum Inc.*,
    141 F. Supp. 3d 1032 (N.D. Cal. 2015) ................................................ 12

**State Cases**

*Connick v. Suzuki Motor Co., Ltd.*,
    174 Ill. 2d 482 (Ill. 1996) ..................................................................... 16

*Corsello v. Verizon N.Y., Inc.*,
    967 N.E.2d 1177 (2012) ........................................................................ 22

*In re Frito-Lay No. Am. All Natural Litig.*,
    No. 12-MD-2413 (RRM) (LM), 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ................... 18

*Mandarin Trading Ltd. v. Wildenstein*,
    944 N.E.2d 1104 (2011) ................................................................... 19, 20

**Federal Statutes**

15 U.S.C. §§2301, *et seq*. .................................................................... 2, 3, 18

21 U.S.C. §§ 332-334 ................................................................................ 5

21 U.S.C. §§ 343(q), 343(r), and 343-1(a)(5) ........................................... 5

**State Statutes**

410 ILCS 620/1 et seq. ................................................................................................ 6

801 ILCS 5/2-607(3)(a) ............................................................................................. 16

810 ILCS 5/2-314(1) .................................................................................................. 17

810 ILCS 5/2-314(2) .................................................................................................. 17

815 ILCS 505/1 ............................................................................................................ 2

N.Y. U.C.C. § 2-314(1) .............................................................................................. 17

N.Y. U.C.C. § 2-314(2) .............................................................................................. 17

N.Y. U.C.C. § 2-607(3)(a) ......................................................................................... 16

**Regulations**

21 C.F.R. §101.9(c)(8)(ii) ....................................................................................... 4, 7

21 C.F.R. §104.5(c) ................................................................................................... 10

21 C.F.R. §104.5(g) ................................................................................................... 10

21 C.F.R. §104.20, et seq. .......................................................................................... 7

21 C.F.R. §105.4(g) ............................................................................................... 7, 10

27 C.F.R. §16 ............................................................................................................. 12

Fed. R. Civ. P. 8(a) ................................................................................................... 22

Fed. R. Civ. P. 9 ............................................................................................... 2, 21, 22

Fed. R. Civ. P. 9(b) ............................................................................................. 21, 22

Fed. R. Civ. P. 12(b)(1) ................................................................................. 10, 13, 14

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 4

Fed. R. Evid. 201 ...................................................................................................... 11

Fed. R. Evid. 201(b)(2) ............................................................................................ 11

Defendant Molson Coors Beverage Company USA LLC ("Molson Coors") submits the following memorandum in support of its motion to dismiss the First Amended Complaint ("FAC") filed by Plaintiffs Darren Williams, Jennifer Gannon, and all others similarly situated ("Plaintiffs").

## I.    INTRODUCTION

The Vitamin C statements that Plaintiffs complain of are all true, not misleading, and comply with federal and state law. Federal law does not prohibit Molson Coors from utilizing fruit juice containing Vitamin C in its hard seltzer beverage recipe; indeed, it expressly permits Molson Coors to truthfully disclose that the beverage contains "antioxidant Vitamin C." There is no merit to Plaintiffs' FAC, which should be dismissed with prejudice.

Instead, Plaintiffs' FAC is a thinly veiled, backdoor attempt to impose Plaintiffs' legally incorrect views of what federal nutrition labeling laws supposedly require of hard seltzer labeling, where the federal law itself provides them with no such remedy. And, ironically, Plaintiffs' FAC seeks to misconstrue state consumer protection laws to *remove* truthful information, which is expressly permitted by federal law, from the product label, thereby providing consumers with *less* truthful information, not more.

Plaintiffs' principal contention, underpinning their entire FAC, is that Molson Coors Vizzy Hard Seltzer ("VIZZY") label's truthful statement that VIZZY contains "antioxidant Vitamin C" from one of its ingredients, acerola cherry juice, is illegal under federal food and drug law, and hence state law as well. The theory is not only legally wrong, as federal law does not prohibit VIZZY from calling out Vitamin C from juice, it is also factually implausible. Plaintiffs have not alleged that any statement is false, and no reasonable consumer would be misled by VIZZY's label that properly reports the amount of Vitamin C, clearly states "contains alcohol," and also includes the federally mandated Surgeon General's warning.

1

In related fashion, Plaintiffs' FAC alleges that VIZZY should not be permitted to display images of the fruits that characterize its flavor, because doing so might mislead some consumers into thinking that VIZZY provides "a nutritionally-equivalent source of the nutrients" found in the pictured fruits. FAC ¶ 8. No reasonable consumer thinks drinking a hard seltzer provides the same nutritional benefits as eating fruit. The contention is even more farfetched because it is expressly contradicted by the label itself, which says that the product contains just a "hint of" the pictured fruits.

Plaintiffs' additional allegations, based on alleged breaches of warranty and common law, all fail for the reasons stated above. However, even if there were a kernel of merit, they fail for the additional reasons that Plaintiffs did not give adequate pre-suit notice, did not properly plead reliance, and did not comply with Rule 9 pleading requirements.

Simply put, there is no merit to Plaintiffs' FAC, which should be dismissed with prejudice.

## II.     SUMMARY OF PLAINTIFFS' ALLEGATIONS[1]

This is a putative consumer class action lawsuit, brought on behalf of Illinois and New York consumers, pursuant to the consumer protection laws of Illinois and New York.[2] Plaintiffs also assert a cause of action for breaches of express and implied warranties under state law as well as pursuant to the Magnuson Moss Act, 15 U.S.C. §§2301, *et seq*. Finally, they assert claims under state common laws for negligent misrepresentation, fraud, and unjust enrichment.[3] All of these causes of action are tied to the same legally flawed, implausible allegations regarding Molson Coors' VIZZY label and advertising and all should be dismissed with prejudice.

---

[1] The FAC's alleged facts are taken as true for purposes of this motion only.

[2] Plaintiff's first cause of action purports to assert a claim under New York General Business Law §§349 and 350 (collectively "GBL") and Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, ("ICFA"). However, New York residents have no standing to recover under the ICFA and Illinois residents have no standing to recover under the GBL.

[3] Plaintiffs FAC does not state if it is asserting common law claims under New York or Illinois law.

2

Every VIZZY can and outer carton bears a label clearly labeling VIZZY as a "hard seltzer," which is an alcoholic beverage. FAC ¶¶ 2-3. The can and carton also clearly state that it contains alcohol and the percentage of alcohol by volume. *Id.* Further, the packaging pictures one or more fruits, along with the statement, "Hint of [NAMES OF PICTURED FRUITS]." *See, e.g.,* FAC ¶¶ 2-3. The label also bears the prominent statement, "with ANTIOXIDANT VITAMIN C", and immediately beneath that, "FROM ACEROLA SUPERFRUIT." *Id.* The rear label of each can and package of VIZZY has a Nutrition Facts panel that contains basic nutrition facts in the format prescribed by FDA. *See id.* ¶ 9. Each can includes an Ingredients List. *Id.* ¶ 10. And each can includes the federally mandated Surgeon General's warning regarding the consumption of alcohol. *See* concurrently filed Declaration of Fan Cheng, ("Cheng Decl."), Ex. A.[4]

For example, with respect to the "Pineapple/Mango" flavor of VIZZY, the Ingredients List specifies that the product contains, among other things, "pineapple juice concentrate," "natural flavor" and "dried acerola cherry juice." FAC ¶ 10. The Nutrition Facts panel discloses that one serving of the beverage, which is an entire can, contains 18 mg of Vitamin C, equivalent to 20% of the FDA recommended daily value. *Id.* ¶ 9.

Nothing in Plaintiffs' FAC contends that the Ingredients List is factually false or misstates the actual ingredients. Nor do Plaintiffs allege that the Nutrition Facts panel misstates the amount of

---

[4] "When ruling on a motion to dismiss, the court may consider 'documents attached to the complaint, documents central to the complaint and referred to in it, and information that is properly subject to judicial notice.'" *Miller v. Astellas US LLC*, No. 20 C 3382, 2021 U.S. Dist. LEXIS 71187, at *9 (N.D. Ill. Apr. 13, 2021) (quoting *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 n.2 (7th Cir. 2017)); *see also Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (court must also consider "documents attached to the complaint[s], documents that are critical to the complaint[s] and referred to in [them], and information that is subject to proper judicial notice."); *Rosenblum v. Travelbyus.com*, 299 F.3d 657, 661–62 (7th Cir. 2002) (holding that the court could consider the remainder of a contract referenced in the complaint, where the plaintiff "appended only a part of the relevant instrument" and the defendant attached the rest).

3

Vitamin C in the product. In other words, Plaintiffs do not contend that any consumer who purchases VIZZY does not receive exactly what is described on its label: a hard seltzer beverage, flavored with a "hint of" fruit juices and containing 18 mg of Vitamin C from dried acerola cherry juice.

## III.   ARGUMENT

### A.   Plaintiffs' State Law Claims are Preempted.

Federal law does not prevent brewers from utilizing fruit juice, which contains vitamins, in the recipes for their alcoholic beverages. After all, many such beverages are commonly made with juices and juices often contain vitamins.[5] Rather, Plaintiffs allege that *disclosing* the vitamin content of alcoholic beverages, such as hard seltzers, is illegal under federal law. This view is legally incorrect and their state law claims predicated on this basis are preempted by federal law.

Federal preemption is properly addressed under Fed. R. Civ. P. 12(b)(6). *See Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d 836, 840-41 (7th Cir. 2015) (if plaintiff's state law claim is preempted then dismissal under Rule 12(b)(6) is the proper outcome rather than dismissal for want of federal jurisdiction). The Seventh Circuit has "treated federal preemption as an affirmative defense upon which the defendant bears the burden of proof, and presumably the burden of persuasion, even if no additional facts must be proven and the issue is only a question of law." *Russian Media Grp., LLC v. Cable Am., Inc.*, 598 F.3d 302, 309 (7th Cir. 2010); *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120 (E.D.N.Y. 2018).

---

[5] In fact, until 2020, the FDA *required* the disclosure of the amount of Vitamin C on every Nutrition Facts Label and only recently removed the requirement because Vitamin C deficiencies are becoming less prevalent. 21 C.F.R. §101.9(c)(8)(ii). Voluntary labeling for Vitamin C continues to be allowed. *Id.*

Fermented sugar-based hard seltzers, like VIZZY, are regulated by the FDA. *See* Cheng Decl., Ex. B.[6] Under the Food, Drug, and Cosmetic Act ("FDCA"), the FDA regulates certain aspects of food safety and labeling. In 1990, Congress enacted the Nutrition Labeling and Education Act, Pub. L. No. 101-535, 104 Stat. 2353, 2364 (1990) (NLEA), codified as part of the FDCA, to augment the FDA's authority over food labeling. Among other things, the NLEA requires that nutrition labeling be placed on most packaged food, prohibits the use of terms that characterize the level of nutrients in a food unless they conform to definitions established by the FDA, and ensures that claims about the relationship between nutrients and health conditions are supported by significant scientific evidence. The FDA has comprehensive authority to address violations of NLEA requirements by exercising its power under the FDCA to initiate enforcement proceedings against manufacturers of misbranded food. 21 U.S.C. §§ 332-334; *see also id*. § 343 (defining "misbranded").

Plaintiffs' claims are preempted by the FDCA as amended by the NLEA. *See Turek v. General Mills*, *Inc.,* 662 F.3d 423, 426 (7th Cir. 2011). Specifically, 21 U.S.C. §§ 343(q), 343(r), and 343-1(a)(5) together forbid states from imposing "any requirement respecting any claim of the type described in section 343(r)(1) [of the FDCA] . . . made in the label or labeling of food that is not identical to the requirement of section 343(r)." *Turek,* 662 F.3d at 426. Further, federal requirements that preempt state law requirements also preempt common law duties. *Riegel v. Medtronic, Inc.,* 552 U.S. 312, 324 (2008) (citing *Bates v. Dow Agrosciences LLC,* 544 U.S. 431 (2005)). "The state thus can impose the identical requirement or requirements, and by doing so be

---

[6] "Labeling of Certain Beers Subject to the Labeling Jurisdiction of the Food and Drug Administration: Guidance for Industry." December 2014. Available at https://www.fda.gov/media/90473/download. Accessed March 2, 2021. The FDA website is subject to judicial notice. *See, e.g., Gubala v. CVS Pharm., Inc.,* 2016 U.S. Dist. LEXIS 32759, at *18 n. 10 (N.D. Ill. 2016); *Aquino v. C.R. Bard, Inc.,* 413 F. Supp. 3d 770, 781 n. 5 (N.D. Ill. 2019)*.*

enabled, because of the narrow scope of the preemption provision in the Nutrition Labeling and Education Act, to enforce a violation of the Act as a violation of state law." *Turek*, 662 F.3d at 426.

The FAC is simply an impermissible attempt to enforce Plaintiffs' legally incorrect view of what the FDA regulations require. Plaintiffs' allegations largely copy those set forth in a document entitled "Vizzy Enforcement Letter," filed with the FDA by two activist groups in March 2021. FAC, note 2.[7] That letter asks FDA to investigate VIZZY's labeling and advertising for alleged violations of the FDA "Fortification Policy," discussed below.

Plaintiffs claim that "Congress required that the FDA develop and implement nutrient content claims to prevent consumers from being misled by the endless terms and descriptors appearing on foods." FAC ¶ 11.[8] They also allege that VIZZY's "emphasis on vitamin C and 'superfruit' acerola suggest that the Product is 'a healthful source of nutrients, obscuring the fact that alcoholic beverages provide empty calories, are associated with serious health conditions, and can impair the body's metabolism of nutrients." FAC ¶ 22. This is not a reasonable interpretation.

There can be no state law cause of action if a plaintiff's "true goal is to privately enforce alleged violations of the FDCA." *See, e.g., Borchenko v. L'Oreal USA, Inc.*, 389 F. Supp. 3d 769, 773 (C.D. Cal. 2019), *appeal dismissed*, No. 19-55971, 2020 WL 4877519, at *1 (9th Cir. May 13, 2020); *see also Steele v. Wegmans Food Markets, Inc.*, 472 F. Supp. 3d 47, 49-50 (S.D.N.Y. 2020) (holding no private right of action to enforce the FDCA under NY law). The test for determining whether a state law claim is preempted under this doctrine is whether or not the claim would exist in the absence of the FDCA. *Exela Pharma Sciences, LLC v. Sandoz, Inc.*, 486 F. Supp. 3d 1001, 1012

---

[7] The full text of the letter is available at https://cspinet.org/resource/letter-fda-re-enforcement-action-vizzy-hard-seltzer.

[8] In the FAC, this sentence is modified by a footnote indicating that Illinois law incorporates federal food regulations as a matter of state law in the Illinois Food, Drug and Cosmetic Act ("IDFCA"), 410 ILCS 620/1 et seq. *Id.* note 1.

(W.D.N.C. 2020); *see also Somers v. Beiersdorf, Inc.*, 467 F. Supp. 3d 934, 939–40 (S.D. Cal.

2020), *aff'd on other grounds*, 847 F. App'x 456 (9th Cir. 2021) ("the [FDCA's] public

enforcement mechanism is thwarted if savvy plaintiffs can label as arising under a state law for

which there exists a private enforcement mechanism a claim that in substance seeks to enforce the

FDCA." (internal citation omitted)); .

The VIZZY product is not "fortified" under federal law. It does not claim to be "fortified" or

"enriched" and the Vitamin C is not added as discrete chemical additive, but rather is contained in

an ingredient in the recipe, namely cherry juice. The fact that Vitamin C is from acerola cherry juice

is expressly stated on the label and in the ingredient panel. The Plaintiffs do not allege that the label

is literally untrue in its description of the source or amount of Vitamin C in the product. Rather,

they implausibly allege that the mere callout on the front label that the product contains antioxidant

Vitamin C, which is expressly permitted on the front panel (21 C.F.R. §105.4(g)) and on the

Nutrition Facts Panel ((21 C.F.R. §101.9(c)(8)(ii)), should not be permitted because it implies a

health benefit.

Nothing in the Fortification Policy[9] prohibits VIZZY from truthfully stating on the front

panel essentially what it is allowed to print on the Nutrition Facts Panel and Ingredients List – that

the drink contains "antioxidant Vitamin C from acerola superfruit." *See, e.g.,* FAC ¶ 2. The FAC

expressly admits that the Vitamin C in VIZZY comes from acerola cherry juice and does not allege

that Vitamin C is added through any other source. *Id.* ¶10.

"The [Fortification Policy] poses no bar to nutrient-content claims generally; it is applicable

only to (1) health claims; and (2) nutrient-content claims that use the word 'healthy' to suggest that

a food because of its nutrient content may help consumers maintain healthy dietary practices."

---

[9] The FDA "Fortification Policy," codified at 21 C.F.R. §104.20, *et seq.,* and which Plaintiffs seek
to enforce through the FAC, is colloquially known as the "jellybean rule."

*Ackerman*, 2010 WL 2925955, at *9. VIZZY does not use these terms. VIZZY makes no express or even implied health claims for Vitamin C. VIZZY does not violate the Fortification Policy, nor does it reasonably imply any health benefit. Plaintiffs' argument that state law provides a cause of action for an alleged violation is preempted and should be dismissed.

### B. The FDA Has Primary Jurisdiction For Plaintiffs' Claims.

Primary jurisdiction is a prudential doctrine that seeks to "promot[e] proper relationships between the courts and administrative agencies charged with particular regulatory duties." *Colella,* 348 F. Supp. 3d at 139. Under the primary jurisdiction doctrine courts are permitted to determine "that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 760 (9th Cir. 2015).

There are four factors typically considered to determine if primary jurisdiction applies:

(1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) whether the question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a prior application to the agency has been made.

*Colella*, 348 F. Supp. 3d at 139 (quoting *Ellis v. Tribune Television Co.*, 443 F.3d 71, 82-83 (2d Cir. 2006)); *see also Tutoki v. Celebrezze,* 375 F.2d 105, n. 5 (7th Cir. 1967).

Here, the FDA has made disclosure of Vitamin C content voluntary, and there is a pending letter before the FDA asking it to take enforcement action against Molson Coors for the same conduct alleged in the FAC. The issues raised in the letter implicate alcohol beverage labeling generally. This court should dismiss the FAC in deference to FDA action. *See Tutoki*, 375 F.2d 105 (dismissing case where FDA had primary jurisdiction to determine prohibition of interstate trade of a drug); *Colella*, 348 F. Supp. 3d at 120 (dismissing claims where FDA had primary jurisdiction to

8

decide what calculation methods manufacturers may use to label their products); *see also Astiana*, 783 F.3d at 761 (finding the district court did not err in invoking primary jurisdiction where plaintiff had sent a petition to FDA for the same conduct alleged in the complaint (though it was procedurally improper) and because determining what chemical compounds may be advertised as natural on cosmetic product labels is "a particularly complicated issue that Congress has committed to" the FDA).

At the very least, the Court should stay or dismiss pending the FDA's resolution of the pending inquiry. *See In re Kind LLC "Healthy and All Natural" Litig.*, 287 F. Supp. 3d 457 (S.D.N.Y. 2018) (staying false advertising claims pending work by FDA and USDA). Were the court to rule on these matters now before the FDA, it would risk contradicting the expert agency tasked with federal public health oversight and disrupt a federal regulatory program embodied in the Fortification Policy.

### C. Plaintiffs' GBL and ICFA Claims Fail to Allege Facts Demonstrating a Reasonable Consumer Would Be Materially Misled.

For purposes of state consumer protection statutes, "a statement is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001). In addition, "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In order to survive a motion to dismiss, there must be "'more than a mere possibility that [a] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. [T]he reasonable consumer standard requires a probability that a significant portion of the general consuming public . . . , acting reasonably in the circumstances, could be misled.'" *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 275 F. Supp. 3d 910, 922-23 (N.D. Ill. 2017) (*Parmesan Cheese*) (analyzing New York and Illinois law, and quoting

*Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). "Where a plaintiff contends that certain aspects of a product's packaging are misleading in isolation, but an ingredient label or other disclaimer would dispel any confusion, the crucial issue is whether the misleading content is ambiguous; if so, context can cure the ambiguity and defeat the claim, but if not, then context will not cure the deception and the claim may proceed." *Parmesan Cheese*, 275 F. Supp. at 922.·

Plaintiffs' claims on behalf of the class for violations of GBL and ICFA fail because they do not plausibly allege conduct that would have misled reasonable consumers.[10] Indeed, the front of the VIZZY can and packaging does not say anything different than what is allowed to be included on the back of the can and the front of the package complies with 21 C.F.R. §105.4(g) ("Nutrient content claims using the term 'antioxidant.'").[11] . "It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement [or label] would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d. Cir. 2013) (citations omitted); *accord Parmesan Cheese,* 275 F. Supp. 3d at 922. The standard is an objective one. "To survive a motion to dismiss, plaintiffs must plausibly allege that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled by the relevant statements." *Axon v. Florida's Nat. Growers, Inc.*, 813 F. App'x 701, 704 (2d. Cir. 2020) (internal citations, quotations, and punctuation omitted).

---

[10] Plaintiffs' claims also fail under Rule 12(b)(1) because they lack standing to represent a combined class of New York and Illinois residents. Illinois residents have no standing to seek relief under GBL. *Kaufman v. Sirius XM Radio, Inc.*, No. 09 Civ 95590(VM), 2010 WL 4968049, at *1 (S.D.N.Y. Nov. 23, 2010) (dismissing the case because GBL applies only to transactions in New York). Similarly, New York residents have no standing to seek relief under ICFA. *Morrison v. YTB Int'l, Inc.*, 641 F. Supp. 2d 768 (S.D. Ill. 2009) (granting motion to dismiss with respect to the ICFA claims of non-Illinois plaintiffs).

[11] To the extent Plaintiffs complain that VIZZY's labeling violates 21 C.F.R. §104.5(c) by making an implied "good source" claim, they are citing the wrong regulation – VIZZY adheres to 21 C.F.R. §104.5(g), which permits nutrient content claims using the term "antioxidant" for Vitamin C at the level present in VIZZY..

In this case, Plaintiffs' claims fail because (i) they do not plausibly allege that reasonable consumers would have understood VIZZY's claim that it contains Vitamin C to mean "that alcoholic beverages could be healthful sources of nutrients" and (ii) they do not plausibly allege that reasonable consumers would have confused the picture of fresh fruit with a representation that VIZZY "is a nutritionally-equivalent source of the nutrients found in these fruits."

**1.     No reasonable consumer would have interpreted "with Vitamin C" to mean that alcoholic beverages are healthy.**

VIZZY does not expressly claim, nor reasonably imply, that it is "healthy" by virtue of containing Vitamin C. No reasonable consumer would understand the label to imply that VIZZY is "healthy," especially when viewing the representations as a whole, as the law requires. *Parmesan Cheese*, 275 F. Supp. 3d at 921 (noting that the court must look to "the totality of the information made available to the plaintiff."). Plaintiffs' conclusory assertion that the label conveys the implied claim "that alcoholic beverages could be healthful sources of nutrients" is not the common understanding of "healthy"[12] and is therefore unreasonable. In the abstract, the term "healthful" or "healthy" is inherently ambiguous. Merriam Webster Dictionary includes four alternative definitions of "healthy" when used as an adjective, none of which reference vitamins.[13] With no generally accepted meaning, it is unreasonable to expect a consumer to understand that "with antioxidant Vitamin C" transforms an alcoholic beverage into a "healthy" drink, especially when that language is permitted under federal law and the label also expressly warns that the

---

[12] One definition of "healthful" in the Merriam Webster dictionary is "healthy." Available at https://www.merriam-webster.com/dictionary/healthful. Cheng Decl., Ex. C. Federal Rule of Evidence 201 permits the Court to take judicial notice of facts that are not subject to reasonable dispute because they can "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

[13] Merriam Webster, Healthy, https://www.merriam-webster.com/dictionary/healthy. Cheng Decl., Ex. D. Federal Rule of Evidence 201 permits the Court to take judicial notice of facts that are not subject to reasonable dispute because they can "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

"consumption of alcoholic beverages … may cause health problems." *See Parmesan Cheese*, 275 F. Supp. 3d at 923 (granting motion to dismiss in part because the phrase "100% Grated Parmesan Cheese" was susceptible to many meanings such that the label was not deceptive because reasonable consumers "need more information before concluding that the labels promised only cheese and nothing more" and they would know to look at the ingredient list).

A reasonable consumer is aware of the common "propensities" of alcohol. *See Garrison v. Heublein, Inc.,* 673 F.2d 189 (7th Cir. 1982) (holding no duty to warn consumers of common "propensities" of alcohol because of the common knowledge of reasonable consumers). Indeed, the Surgeon General's warning label has been required on all alcoholic beverages since 1989. *See* 27 C.F.R. §16. Plaintiffs do not provide any support for their strained interpretation that a reasonable consumer would interpret "with Vitamin C" to mean VIZZY was "healthy," despite the fact that it contains alcohol and the Surgeon General's warning.

      **2.**      **No reasonable consumer would have interpreted a picture of fresh fruit to mean VIZZY is a nutritionally-equivalent source of nutrients found in the fruits.**

Plaintiffs' alternative argument, that a picture of fruit implies VIZZY is a nutritionally-equivalent source of nutrients, also fails as a matter of law. The Court must consider the VIZZY label in its entirety. *Parmesan Cheese,* 275 F. Supp. 3d at 921; *Solak v. Hain Celestial Grp., Inc.,* No. 3:17-CV-0704 (LEK/DEP), 2018 WL 1870474, at *1 (N.D.N.Y. Apr. 17, 2018) (granting motion to dismiss because no reasonable consumer would be misled by pictures of whole vegetables in light of full context of label, including ingredient list). As the Court recognized in *Solak*, "any potential ambiguity that might arise about the product's vegetable content as a result of using a challenged picture [of a whole vegetable] could be resolved by the back panel of the products, which lists all ingredients in order of predominance." *Id.* at * 5 (citing *Workman v. Plum Inc.,* 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015)); *see also Davis v. Hain Celestial Grp., Inc.*, 297

12

F. Supp. 3d 327 (E.D.N.Y. 2018) ("If a plaintiff alleges that an element of a product's label is misleading, but another portion of the label would dispel the confusion, the court should ask whether the misleading element is ambiguous. If so, the clarification can defeat the claim." (*citing Parmesan Cheese*, 275 F. Supp. 3d at 922)).

Here, the label expressly asserts that VIZZY is a "hard seltzer," "contains alcohol," and contains a "hint of" the pictured fruit, and the list of ingredients included on the label make it clear that the pictured fruit is not a primary ingredient. It therefore strains credulity that any consumer would honestly conclude that VIZZY would be the nutrient-equivalent of any of the pictured fruits. *See Red v. Kraft Foods, Inc.,* No. 10-CV-1028, 2012 WL 5504011, at *4 (C.D. Cal. Oct. 25, 2012), ("[I]t strains credulity to imagine that a reasonable consumer will be deceived into thinking a box of crackers . . . contains huge amounts of vegetables simply because there are pictures of vegetables . . . on the box."); *McKinniss v. Kellogg USA,* No. 07-CV-2611 ABC(RCx), 2007 WL 4766060, at *4 (C.D. Cal. Sept. 19, 2007) (finding that "[a] reasonable consumer, even on the most cursory review" of a box of cereal containing depictions of fruit, "could not, as a matter of law, be misled into believing that the cereal contains actual fruit").

Here, no reasonable consumer would be misled by VIZZY's truthful label, and Plaintiffs' state consumer protection claims must be dismissed.

### D. Plaintiffs Lack Standing to Seek Injunctive Relief.

Plaintiffs' claim for injunctive relief should be dismissed pursuant to Rule 12(b)(1) for lack of Article III standing. "To establish standing to obtain prospective relief, a plaintiff 'must show a likelihood that he will be injured in the future.'" *Carver v. City of New York*, 621 F.3d 221, 228 (2d Cir. 2010) (quoting *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004)). Either there must be a "substantial risk" that the future injury will occur, or the threatened injury must be "certainly impending." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). "'[A]llegations of

*possible* future injury' are not sufficient," *Clapper v. Amnesty Int'l*, 568 U.S. 398, 409 (2013), nor is "past exposure to illegal conduct," *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal brackets omitted) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974)).

Here, Plaintiffs purchased an alcoholic beverage that promised that it contained Vitamin C, and they received exactly that. If they claim to have been misled into believing that VIZZY is a "healthful" source of nutrients, nothing about removing the Vitamin C disclosure will change that. The product will still contain Vitamin C, and plaintiffs will still know that. They could not be misled again.

Thus, Plaintiffs will not suffer any future harm because any allegedly deceptive advertising is now known to Plaintiffs. Accordingly, Plaintiffs cannot seek injunctive relief. *Hayes v. General Mills, Inc.,* et al.*,* No. 19-cv-05626, 2021 WL 3207749, at *4 (N.D. Ill. July 29, 2021) ("Both the Seventh Circuit and other federal courts in Illinois have denied requests for injunctive relief where a plaintiff alleged he was deceived into purchasing a product he did not want and, because of the alleged fraud, would be unlikely to purchase the product again."); *Freeman v. MAM USA Corp.*, No. 1:20-cv-01834, 2021 WL 1103350, at *4 (N.D. Ill. March 23, 2021) (dismissing claim for injunctive relief for false advertising for lack of Article III standing) (citing *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017)).

Plaintiffs' allegation that they would purchase VIZZY again in the future conditioned on a change in VIZZY is insufficient. *See Lugones v. Pete and Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 238 (S.D.N.Y. 2020) (dismissing claim for injunctive relief and collecting cases finding that conditional promises to purchase product if product is altered are insufficient to allege future injury); *see also Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 574 (S.D.N.Y. 2021) (dismissing claim for injunctive relief based on near identical allegations under Rule 12(b)(1)). In the Plaintiffs' view, it is not improper for Vitamin C to be in the beverage (indeed, many fruit juices

14

naturally contain Vitamin C); it is only illegal to *truthfully* talk about it on the label or in advertising. Thus, even if the label changed in response to a court order to delete express references to Vitamin C, the Plaintiffs would still *consume* Vitamin C with every can of VIZZY.

E. **Plaintiffs Fail to Plead a Claim for Breach of Express Warranty Under State Law.**

1. **Plaintiffs' unreasonable interpretation of "with Vitamin C" cannot be construed as a factual warranty.**

To state a claim for breach of express warranty under New York or Illinois law, a plaintiff must allege the breach of "a material statement amounting to a warranty[.]" *Parmesan Cheese*, 275 F. Supp. 3d at 925-26; *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 482 (S.D.N.Y. 2014). "Whether Plaintiff's interpretation of [a] label was erroneous or reflected a promise made by Defendant necessarily depends on what a reasonable consumer would believe." *Singleton v. Fifth Generation, Inc.*, No. 15-CV-474, 2016 WL 406295, at *11 (N.D.N.Y. Jan. 12, 2016). The label must be viewed in its entirety, with any ambiguous terms considered in the context of the whole label. *Parmesan Cheese*, 275 F. Supp. 3d at 925-26. Accordingly, where a claim for breach of warranty is based on an unreasonable interpretation of product advertising, the claim must be dismissed. *See*, *e.g.*, *id.* (dismissing warranty claims); *Barreto v. Westbrae Natural, Inc,* 518 F. Supp.3d 795, 806-7 (S.D.N.Y. 2021) (dismissing warranty claims with prejudice).

Plaintiffs do not allege that consumers of VIZZY did not get exactly what the label describes: a hard seltzer flavored with a "hint of" fruit juice and containing Vitamin C from acerola cherry juice. Instead, Plaintiffs allege that their various theories of implied deception mean that the Products are (i) healthy or (ii) the nutritional-equivalent of a piece of fruit. But, the label expressly states that the product contains only a "hint of" juice, and the name of the juice is set forth in the Ingredients List. The precise amount of Vitamin C in the Product is stated on the Nutrition Facts Panel. FAC ¶ 9. No reasonable consumer would believe, based on a reading of the package, that a

15

hard seltzer beverage is a "healthy" drink or that it provides the same nutritional benefits as eating fruit. *See also Garrison,* 673 F.2d at 189 (holding no duty to warn consumers of common "propensities" of alcohol because of the common knowledge of reasonable consumers). There can be no breach of warranty when VIZZY does contain the Vitamin C that it claims to have. *See, e.g., Cosgrove*, 520 F. Supp. 3d at 585-86 (dismissing express warranty claim with prejudice).

### 2. Plaintiff has not alleged timely notice of breach to Molson Coors as required under N.Y. U.C.C. § 2-607(3)(a) and 801 ILCS 5/2-607(3)(a).

"To recover on a breach of warranty claim under New York law, the buyer of the allegedly mislabeled product 'must within a reasonable time after [s]he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.'" *Petrosino v. Stearn's Products, Inc.*, No. 16-CV-7735 (NSR), 2018 WL 1614349, at *8 (S.D.N.Y. Mar. 30, 2018) (*quoting* N.Y. U.C.C. § 2-607(3)(a)). This requirement is strictly enforced, and "'timely notice is a condition precedent to bringing an action for breach of warranty[.]'" *Singleton*, 2016 WL 406295, at *12 (*quoting Mid Island LP v. Hess Corp.*, 983 N.Y.S.2d 204 [Table] (N.Y. Sup. Ct. 2013)).

The same is true under Illinois law: separate, pre-suit notice is required. *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482, 494-95 (Ill. 1996) (holding express warranty claims properly dismissed for failure to provide pre-suit notice); *Ibarolla v. Nutrex Research, Inc.,* No. 11 C 4868, 2012 WL 5381236, at *1 (N.D. Ill. Oct. 31, 2012) (dismissing all warranty claims for plaintiff's failure to send pre-suit notice, even though FDA had sent warning letter).

Plaintiffs do not allege that they provided timely, pre-suit notice of breach to Molson Coors. Therefore, their claims must be dismissed. *See, e.g., Cosgrove*, 520 F. Supp. 3d at 585 n.11 (dismissing claim for failure to provide notice based on identical allegation that "Plaintiffs provided or will provide notice to defendant, its agents, representatives, retailers and their employees."); *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (dismissing claim because "plaintiffs have failed to allege they provided Walgreens with timely notice of the alleged breach of

warranty"); *see also Lugones*, 440 F. Supp. 3d at 245 ("Plaintiffs' breach of express warranty claim must be dismissed for failure to provide timely notice"); *Colella*, 348 F. Supp. 3d at 144 (dismissing warranty claim because complaint contained "no allegations and states no facts showing that notice was provided to defendant" by plaintiff); *MacNeil Auto. Products, Ltd. v. Cannon Auto. Ltd.,* 715 F. Supp. 2d 786, 794 (N.D. Ill. 2010) (Under the UCC and Illinois law, a buyer "must directly notify the seller of the troublesome nature of the transaction or be barred from recovering for breach of warranty."); *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 715 (N.D. Ill. 2020) (dismissing warranty claims because there was no pre-suit notice).

## F. There Is No Viable Claim for Breach of an Implied Warranty of Merchantability.

Under New York and Illinois law, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." N.Y. U.C.C. § 2-314(1); 810 ILCS 5/2-314(1). To be merchantable, goods "must be . . . fit for the ordinary purposes for which such goods are used; and . . . conform to the promises or affirmations of fact made on the container or label if any." N.Y. U.C.C. § 2-314(2); 810 ILCS 5/2-314(2).

Significantly, however, "[a] warranty of merchantability . . . does not mean that the product will fulfill a buyer's every expectation but rather simply provides for a minimum level of quality." *Ackerman v. Coca-Cola Co.*, No. CV-090395 (JG), 2010 WL 2925955, at *25 (E.D.N.Y. July 21, 2010) (quoting *Viscusi v. Procter & Gamble*, No. 05 Civ. 1528 (DLI) (LB), 2007 WL 2071546, at *13 (E.D.N.Y. July 16, 2007)) (internal quotation marks removed). "Where the sale of a food or beverage is concerned, courts have ruled that the product need only be fit for human consumption to be of merchantable quality." *Silva v. Smucker Nat. Foods, Inc.*, No. 14 CV 6154 (JG) (RML), 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015).

The FAC makes a conclusory allegation that "[t]he Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because

17

they were not fit to pass in the trade as advertised." FAC ¶ 104. However, Plaintiffs do not allege that they did not receive what the label expressly promises, nor that VIZZY is unfit for consumption. Therefore, they fail to state a claim for breach of the implied warranty. *Cosgrove,* 520 F. Supp. 3d at 586 (dismissing implied warranty claim with prejudice).

Additionally, New York and Illinois law "requires a showing of privity between the manufacturer and the plaintiff." *Ebin v. Kangadis Food Inc.*, No. 13 Civ. 2311 (JSR), 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013); *accord Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 470 (S.D.N.Y. 2020); *Manley v. Hain Celestial Group, Inc.*, 417 F. Supp. 3d 1114, 1121-22 (N.D. Ill. 2019) (dismissing implied warranty claim). Plaintiffs acknowledge that they did not purchase directly from Molson Coors,[14] and thus cannot allege privity. *Cosgrove,* 520 F. Supp. 3d at 586 (dismissing implied warranty claim with prejudice); *Voelker v. Porsche Cars North Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) ("Under the law of Illinois, privity of contract is a prerequisite to recover economic damages for breach of implied warranty. Therefore, because it is undisputed that [plaintiff] lacks privity of contract with [defendant], this claim against [defendant] was properly dismissed.").

### G. Plaintiff Does Not State a Claim for Violation of the Magnuson-Moss Warranty Act.

Even if Plaintiffs could assert a viable state law warranty claim (and they cannot), their federal MMWA claim would still fail because the challenged advertising does not constitute "[a] written warranty under MMWA because it [does] not warrant that [the] product [i]s free from defect or promise [a] specified level of performance[.]" *See, e.g., Silva*, 2020 WL 4586394, at *6 (dismissing MMWA claim based on "all natural" advertising); *In re Frito-Lay No. Am. All Natural Litig.,* No. 12-MD-2413 (RRM) (LM), 2013 WL 4647512, at *17 (E.D.N.Y. Aug. 29, 2013)

---

[14] In fact, as a matter of federal law, Molson Coors cannot sell directly to any consumer.

18

(dismissing MMWA claims because "[a]n 'All Natural' label does not warrant a product free from defect") (citations omitted); *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 950, 965–66 (N.D. Cal. 2013) (food product labeling claims, including " 'All Natural,' fresh, antioxidant, [and] sugar-free" were product descriptions, not promises under the MMWA). At its core, however, the MMWA "merely incorporates and federalizes state-law breach of warranty claims, including state-law standards for liability and damages." *Ebin*, 2013 WL 3936193, at \*3 (citing *Diaz v. Paragon Motors of Woodside, Inc.*, 424 F. Supp. 2d 519, 540 (E.D.N.Y. 2006) ("The MMWA . . . creates no additional bases for liability, but allows a consumer to recover damages under existing state law[.]")); *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 717 (N.D. Ill. 2020) (dismissing MMWA claim "because it is contingent on Plaintiff having a viable state law warranty claim.").

Molson Coors' use of the phrase "with Vitamin C" is neither a written affirmation that VIZZY is free from defect, nor a promise that VIZZY meets a specified level of performance over a specified period of time. As such, even if Plaintiffs could adequately plead a state law warranty claim, Plaintiffs fail to state a claim for relief under the MMWA.

### H.    Plaintiffs Have Failed to State A Claim for Negligent Misrepresentation.

The economic loss doctrine bars Plaintiffs claim for negligent misrepresentation under Illinois and New York law. The only injury alleged by Plaintiffs is that they paid more for VIZZY than they otherwise would have. Under the economic loss doctrine, a party may not "recover for solely economic loss under the tort theories of strict liability, negligence and innocent misrepresentation." *Catalan v. GMAC Mortg. Corp.,* 629 F.3d 676, 693 (7th Cir. 2011); *see also Ibarolla,* 2012 WL5381236, at \*1 (dismissing negligence claims as barred by economic loss rule); *O'Connor*, 477 F. Supp. 3d at 723; *see also Campbell,* 516 F. Supp. 3d at 389 n.10.

Furthermore, under both Illinois and New York law, there must be a false statement. *See, e.g., Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1109 (2011) (to state a claim for

19

negligent misrepresentation under New York law, a plaintiff must plead "[1] the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; [2] **that the information was incorrect**; and [3] reasonable reliance on the information") (emphasis added); *CC Indus., Inc. v. Ing/Reliastar Life Ins. Co.*, 266 F. Supp. 2d 813, 816 (N.D. Ill. 2003) (to state a claim for negligent misrepresentation under Illinois law, a plaintiff must plead "(1) **a false statement of material fact**, (2) carelessness or negligence in ascertaining the truth of the statement by defendant, (3) an intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statements, (5) damage to the other party resulting from such reliance, and (6) a duty owed by defendant to plaintiff to communicate accurate information.") (emphasis added). Here, Plaintiffs have not alleged that any statement is actually false. VIZZY contains the Vitamin C that it claims to have. There is no misrepresentation.

Additionally, to state a claim for negligent misrepresentation under New York law, a plaintiff must plead privity. *Mandarin Trading Ltd.*, 944 N.E.2d at 1104; *see also Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 114 (2d Cir. 2012) (explaining that New York law strictly limits negligent misrepresentation claims to "situations involving actual privity of contract between the parties or a relationship so close as to approach that of privity" (internal quotation marks omitted)). Plaintiffs did not purchase VIZZY from Molson Coors and have not plausibly alleged the existence of any special relationship or a privity-like relationship with Molson Coors. *See Campbell v. Whole Foods Market Group, Inc.*, 516 F.Supp. 3d 370, 388-89 & n.10 (S.D.N.Y. 2021) (collecting cases for proposition that engaging in a "basic commercial transaction . . . does not give rise to the kind of special relationship necessary to maintain a claim for negligent misrepresentation" and rejecting argument nearly identical to that made by Plaintiffs here that the requisite relationship is adequately alleged by claim that defendant had "unique or special expertise").

20

Furthermore, while Illinois law does not require contractual privity for negligent misrepresentation, a plaintiff must allege a specific duty to communicate accurate information. *CC Indus., Inc.*, 266 F. Supp. 2d at 813. Such a duty only applies if the "defendant is in the business of supplying information for the guidance of others in their business transactions." *GoHealth, LLC v. Simpson*, No. 13 C 02334, 2013 WL 6183024, at *1 (N.D. Ill. Nov. 26, 2013) (dismissing the negligent misrepresentation claim with prejudice because there was no duty to communicate accurate information). The duty to communicate accurate information applies to commercial information providers, such as accountants, banks, real-estate inspectors, or stockbrokers, not product manufacturers. *See id.* at *11.

Plaintiffs claim for negligent misrepresentation fail under both New York and Illinois law.

## I.     Plaintiffs Have Failed to Meet the Heighted Pleading Standards of Rule 9.

To state a claim for violation of ICFA or common law fraud under New York or Illinois law, a plaintiff must satisfy the heightened pleading requirements of Rule 9(b). *See Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009); *see also Malvar Egerique v. Chowaiki*, No. 19 Civ. 3110 (KPF), 2020 WL 1974228, at *23 (S.D.N.Y. Apr. 24, 2020); *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005) (an ICFA claim "must be pled with the same specificity as that required under common law fraud.").

Rule 9(b) requires a plaintiff to specify the fraudulent statements, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *See, e.g., Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 186-87 (2d Cir. 2004).

Because Plaintiffs failed to identify which statements, if any, they personally relied on, their FAC must be dismissed for failure to state a plausible claim. Plaintiffs did not allege which "with antioxidant Vitamin C" representations they "saw, relied upon, and reasonably believed" *prior to*

making their purchase. FAC ¶ 97. As such, Plaintiffs fail to meet the federal pleading standard under Rule 8(a) for the causes of action that require reliance.[15] Further, Plaintiffs failed to identify specific ads and promotional materials each reviewed and relied on; allege when the Plaintiffs were exposed to the materials; and explain how such materials were false or misleading as required by Rule 9(b). *See In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.,* No. MDL-1703, 2009 WL 937256, at *6 (N.D. Ill. Apr. 6, 2009) (dismissing certain fraud claims under Rule 9(b) where "plaintiffs fail to allege that they saw any *particular* misrepresentation or the *specific content* of the misrepresentation.") (emphasis added); *Ibarolla,* 2012 WL 5381236, at *1 (dismissing claims). Plaintiffs' FAC is deficiently pled under both Rule 8(a) and Rule 9(b) to the extent it fails to specify these facts.

Plaintiffs have not alleged an actionable misrepresentation, much less to the heightened pleading standard of Rule 9. Therefore, the ICFA and fraud claims must be dismissed. *See Cosgrove,* 520 F. Supp. 3d at 587 (dismissing fraud claim).

**J.      Plaintiffs' Duplicative Claim for Unjust Enrichment Fails.**

Plaintiffs' unjust enrichment claim must be dismissed because it is duplicative of Plaintiffs' claims for false advertising. Under New York law, "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, n.9 (2012) (citations omitted). This is a matter of substantive New York law and, therefore, it makes no difference that federal pleading rules would otherwise permit "unjust enrichment [to] be pleaded in the alternative to other claims." *Gordon v. Hain Celestial*

---

[15] *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015) (Illinois common law fraud requires reliance); *Cosgrove*, 520 F. Supp. 3d at 587 (New York common law fraud requires reliance); *Roppo v. Travelers Companies*, 100 F. Supp. 3d 636 (N.D. Ill. 2015) (ICFA requires reliance); *Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568 (7th Cir. 2017) (Illinois common law fraud and negligence require reliance); *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154 (S.D.N.Y. 2021) (New York common law fraud and negligence require reliance).

*Grp., Inc.*, No. 16-CV-6526, 2017 WL 213815, at *5 (S.D.N.Y. Jan. 18, 2017) (dismissing unjust

enrichment claim) (citation omitted). Similarly, Plaintiffs' failure to plead any actionable deception

also eviscerates her unjust enrichment claim under Illinois law. *See Ibarrola*, 83 F. Supp. 3d at 760-

61 ("Absent a plausible allegation of deception, the claim for unjust enrichment must fail") (citing

*Oshana v. Coca–Cola Co.*, 472 F.3d 506, 515 (7th Cir. 2006), and *Bober*, 246 F.3d at 943.

Courts in both Illinois and New York have also dismissed unjust enrichment claims, where

they rely on the exact same factual allegations as a false advertising claim. *See*, *e.g., Hillen v.*

*Blistex, Inc.*, No. 17 C 2074, 2017 WL 2868997, at *4 (N.D. Ill. July 5, 2017) (dismissing unjust

enrichment based on "Plaintiff's failure to plead any actionable deception"); *Casey*, 338 F. Supp. 3d

at 299 (dismissing unjust enrichment claim because "[t]hese facts are the exact same that form the

basis of her GBL claims"); *Borenkoff v. Buffalo Wild Wings, Inc.*, No. 16-CV-8532 (KBF), 2018

WL 502680, at *4 (S.D.N.Y. Jan. 19, 2018) ("plaintiff's unjust enrichment claim is duplicative of

her GBL § 349 claim, and must be dismissed on that basis"); *Alce v. Wise Foods, Inc.*, No. 17-CV-

2402 (NRB), 2018 WL 1737750, at *12 (S.D.N.Y. Mar. 27, 2018); *Bautista v. Cytosport, Inc.*, No.

15-CV-9081, 223 F. Supp. 3d 182, 193-94 (S.D.N.Y. 2016) (same).

Plaintiffs' claim that Molson Coors was unjustly enriched is based on the same flawed

allegations as their warranty and false advertising claims. Dismissal is required. *See Parmesan*

*Cheese,* 275 F.Supp. 3d at 927 (dismissing unjust enrichment claims); *Buonasera v. Honest Co.,*

*Inc.*, 208 F. Supp. 3d 555, 567-68 (S.D.N.Y. 2016) (dismissing unjust enrichment claims); *Parks v.*

*Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 248-49 (S.D.N.Y. 2019) (same); *see also Price*

*v. L'Oreal USA, Inc.*, No. 17-CV-614 (LGS), 2017 WL 4480887, at *5 (S.D.N.Y. Oct. 5, 2017)

("All of the claims in the Complaint are based on the same alleged misrepresentation by

Defendants. . . . Accordingly, Plaintiffs' New York unjust enrichment claim is dismissed as

duplicative.").

Even assuming Plaintiffs' claim is not duplicative, Plaintiffs do not adequately allege that they did not receive the "benefit of [their] bargain" when they purchased the Products, which they consumed at no harm to themselves. *See, e.g., Marino v. Coach, Inc.*, 264 F. Supp. 3d 558, 572 (S.D.N.Y. 2017) ("[A] plaintiff must allege that the benefit he or she received . . . was not what was bargained for."); *In re Fruit Juice Products Mktg. and Sales Practices Litig.*, 831 F. Supp. 2d 507, 512-13 (D. Mass. 2011) (finding that "benefit of the bargain" arguments require a showing of actual injury or something more than that the products were "unsatisfactory"). Accordingly, their unjust enrichment claim fails on the merits.

## IV. LEAVE TO AMEND SHOULD BE DENIED

Having failed to identify any misleading or deceptive statements, any amendment to Plaintiffs' consumer protection claims would be futile. See, e.g., *Melendez v. ONE Brands, LLC,* No. 18-CV-6650 (CBA) (SJB), 2020 WL 1283793, at *9 (E.D.N.Y. Mar. 16, 2020) ("Melendez's failure to plead materially misleading conduct . . . also could not be cured by granting him leave to amend."); *Axon v. Citrus World, Inc.*, No. 18-cv-4162 (ARR) (RML), 2019 U.S. Dist. LEXIS 6439, at *4 (E.D.N.Y. Jan. 14, 2019) ("[P]laintiff's claims regarding the misleading nature of defendant's products should be dismissed for failure to state a claim. Plaintiff's motion to amend is therefore denied, and the complaint is dismissed with prejudice."); *Ibarrola,* 83 F. Supp. 3d at 754 (dismissing the First Amended Complaint with prejudice because plaintiff failed to plausibly allege that a reasonable consumer would have been deceived and failed to provide pre-suit notice for the warranty claims); *Fuchs v. Menard, Inc.,* No. 17-cv-01752, 2017 WL 4339821, at *7 (N.D. Ill. Sept. 29, 2017) (granting dismissal with prejudice in part "because the Plaintiffs have already amended the complaint once"). Moreover, Plaintiffs cannot amend to allege the required privity or pre-suit notice. Therefore, the dismissal should be with prejudice.

## V.     CONCLUSION

For all of the foregoing reasons, Molson Coors respectfully requests that Plaintiffs' FAC be dismissed. Furthermore, the dismissal should be with prejudice as Plaintiff will not be able to amend sufficient facts that the claims are not preempted or to state a valid claim.

Dated: September 28, 2021

Respectfully submitted,

s/               *Fan Cheng*
Howard S. Michael
hmichael@crowell.com
Fan Cheng
fcheng@crowell.com
Crowell & Moring LLP
NBC Tower
455 North CItyfront Plaza Drive
Suite 3600
Chicago, IL 60611
Tel: (312) 321-4244

Christopher A. Cole (*pro hac vice* pending)
ccole@crowell.com
1001 Pennsylvania Ave NW
Washington, DC 20004
Tel: (202) 624-2701

Raija Horstman (*pro hac vice* pending)
rhorstman@crowell.com
515 S. Flower St., 40th Floor
Los Angeles, CA 90071
Tel: (213) 622-4750
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2021, a true and correct copy of the foregoing

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** was

electronically filed and served to all counsel of record via the Court's ECF system.


DATED: September 28, 2021                      s/    *Fan Cheng*

                                               Fan Cheng