**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Darren Williams, Jennifer Gannon, individually and on behalf of all others similarly situated, | 3:21-cv-50207 |
| Plaintiffs, | |
| - against - | Second Amended Class Action Complaint |
| Molson Coors Beverage Company USA LLC, | Jury Trial Demanded |
| Defendant | |

Plaintiffs allege upon information and belief, except for allegations pertaining to plaintiffs, which are based on personal knowledge:

1.     Molson Coors Beverage Company USA LLC ("defendant") manufactures, labels and sells hard seltzer, with a "Hint of Pineapple Mango," identified as, "With Antioxidant Vitamin C From Acerola Superfruit" under the Vizzy brand  ("Product").



## I.   "BETTER FOR YOU" ALCOHOLIC BEVERAGES

2.    The past decade has seen the emergence of new alcoholic beverages like hard seltzer.

3.    Hard seltzer is marketed to consumers "at the nexus of convenience and health."

4.    Hard seltzer is based on carbonated water, made from malted barley, or fermented sugar, with a low alcohol content, fruit flavored, and roughly 100 calories or less, compared with beers and wines that have from 100 to 400 calories.

5.    These products are sold in similar single-serve aluminum cans.

6.    The marketing of hard seltzer reflects the arc of regular beverages, which previously sought to remove negative ingredients, such as sugar and artificial colors.

7.    However, these beverages have begun to add back positive components, like vitamins.

8.    The front panel of a twelve-pack states, "VIZZY HARD SELTZER WITH ANTIOXIDANT VITAMIN C FROM ACEROLA SUPERFRUIT," also repeated on each can.



9.    One ad states, "ANOTHER HARD SELTZER? YEAH, BUT WE'VE GOT ANTIOXIDANT VITAMIN C."



10.    Another ad highlights that the Product is the "FIRST HARD SELTZER MADE WITH ANTIOXIDANT VITAMIN C FROM ACEROLA SUPERFRUIT."



11.    In one ad, the Product is described as "THE ONLY HARD SELTZER WITH ANTIOXIDANT VITAMIN C."



12.    In encouraging consumers to purchase Vizzy over its competitors, an advertisement states, "WHEN IN DOUBT, ALWAYS CHOOSE C. VIZZY HARD SELTZER WITH ANTIOXIDANT VITAMIN C FROM ACEROLA SUPERFRUIT."



4

13.     The Product's Vitamin C content is promoted alongside pictures of fresh fruit, which give consumers the impression the Product is a nutritionally-equivalent source of the nutrients found in these fruits.



14.     The Product's Nutrition Facts confirm it contains Vitamin C, at 18 mg or twenty percent of the recommended daily value ("RDV").

5

15.     The ingredient list confirms that vitamin C is added through addition of dried acerola cherry juice.

**INGREDIENTS:** SPARKLING WATER, CANE SUGAR, NATURAL FLAVOR, PINEAPPLE JUICE CONCENTRATE, CITRIC ACID, SODIUM CITRATE AND DRIED ACEROLA CHERRY JUICE

**INGREDIENTS:** SPARKLING WATER, CANE SUGAR, NATURAL FLAVOR, PINEAPPLE JUICE CONCENTRATE, CITRIC ACID, SODIUM CITRATE AND DRIED ACEROLA CHERRY JUICE

16.     Hard seltzer is a market with over a hundred brands, which forces companies to compete for consumer dollars.

17.     To succeed, a product must stand out from the crowd with something different.

## II.     CONSUMPTION OF ALCOHOL IS CONTRARY TO DIETARY GUIDELINES

18.     In 2004, the National Institute on Alcohol Abuse and Alcoholism (NIAAA) wrote:

Alcoholic beverages primarily consist of water, pure alcohol (chemically known as ethanol [ethyl alcohol]), and variable amounts of sugars (i.e., carbohydrates); their content of other nutrients (e.g., protein, vitamins, or minerals) is usually negligible.

19.     Ethyl alcohol contains seven calories per gram, which means alcoholic beverages are almost entirely empty calories.

20.     The USDA 2020-2025 Dietary Guidelines for Americans ("DGA") advises that "alcoholic beverages are 'not a component of the USDA Dietary Patterns."

21.     The DGA advises that, for "[a]dults who choose to drink…to limit daily intakes…so as not to exceed daily calorie limits," and "drinking less is better for health than drinking more."

22.     However, alcoholic beverages account for the additional calories consumed after "meeting food group recommendations in nutrient-dense forms."

6

23.    Congress concluded that "the American public should be informed about the health hazards that may result from the consumption or abuse of alcoholic beverages," and requires the following statement on these products:

> GOVERNMENT WARNING: (1) According to the Surgeon General, women should not drink alcoholic beverages during pregnancy because of the risk of birth defects. (2) Consumption of alcoholic beverages impairs your ability to drive a car or operate machinery, and **may cause health problems**."

27 U.S.C. § 215 (emphasis added).

24.    Evidence suggests that even drinking *within* recommended limits may increase the overall risk of death from various causes, such as from several types of cancer and some forms of cardiovascular disease.

25.    Over many years, consumption of excess alcohol can impair the body's ability to digest and utilize nutrients.

26.    According to the CDC, "Excessive alcohol use is responsible for more than 95,000 deaths in the United States each year, or 261 deaths per day.

27.    These deaths shorten the lives of those who die by an average of almost 29 years, for a total of 2.8 million years of potential life lost.

28.    The costs of alcohol consumption are over a quarter trillion dollars per year.

29.    More than half of alcohol-attributable deaths are due to health effects from drinking too much over time, such as various types of cancer, liver disease, and heart disease.

## III.    ADDITION OF ANTIOXIDANTS AND "SUPERFRUIT" TO ALCOHOL IS MISLEADING

30.    Federal and identical state regulations require the statements on food and beverages to be truthful and non-misleading. *See* 21 U.S.C. § 343(a)(1) (deeming a food misbranded when it contains a statement that is "false or misleading"); 410 ILCS 620/21(j) ("federal [food labeling]

regulation[s] [are] automatically adopted").

31.    The Illinois Consumer Fraud and Deceptive Business Practices Act provides

protection for consumers purchasing items like the Product, and states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . are hereby declared unlawful

815 ILCS 505/2.

32.    The DGA encourage consumers to select "healthful sources of nutrients as part of a

well-rounded diet" instead of meeting vitamin-intake guidelines through consumption of otherwise

nutritionally-harmful foods and beverages.

33.    The Products are fortified with antioxidants, contrary to FDA requirements for the

addition of nutrients to food.

34.    These requirements are intended to prohibit random fortification of foods, which

"result[s] in deceptive or misleading claims." 21 C.F.R. § 104.20(a).

35.    The position of the FDA with respect to fortification of alcoholic beverages is long-

established.

36.    In a 2010 letter to the Administrator of the Alcohol and Tobacco Tax and Trade

Bureau ("TTB"), the head of the Center for Food Safety and Applied Nutrition ("CFSAN")

> The fortification of alcohol beverages with nutrients is not consistent with FDA's fortification policy (21 CFR l 04.20) or the U.S. Dietary Guidelines. Furthermore, the use of nutrients in alcohol beverages has no apparent public health benefit and could be misleading to consumers who may perceive these alcohol beverages as a healthy product.

Exhibit "A," July 21, 2010 Letter from FDA to TTB.

37.    The letter continues:

Alcohol beverages subject to FDA's labeling regulations (pursuant to the Memorandum of Understanding between FDA and TTB) that contain added vitamins or minerals and that bear claims subject to 21 CFR 101.54(e)(e.g., "more," "added," "fortified") or that bear a claim subject to 21 CFR 101.65(d) (e.g., "healthy") would be misbranded under section 403 of the Federal Food, Drug, and Cosmetic Act (FFDCA) because the regulations governing the use of these specific claims require that the nutrient addition be in accordance with the fortification policy.

38.    In a 2015 Q&A Guidance Document relating to the Fortification Policy, the FDA stated they did not consider "it appropriate to add vitamins and minerals to alcoholic beverages."

39.    According to the non-profit group Center for Science in the Public Interest ("CSPI"), "claims such as 'made with antioxidant vitamin C' convey healthfulness and are misleading on alcoholic beverages given their empty calories, association with serious health conditions, and anti-nutrient properties."

40.    The Product contains the added nutrient of vitamin C under the guise of adding "dried acerola cherry juice."

41.    The FDA has declined to take enforcement action against the Product.

42.    Studies have shown that vitamin-fortified snack foods influence consumers to make negative diet-related decisions by making them less likely to look at the nutrition facts, more likely to purchase the fortified product, more likely to think the fortified product is healthier than a comparable nonfortified product, and more likely to incorrectly identify the fortified product as the healthier product.

43.    Fortification of carbonated beverages is prohibited because this type of product is typically (1) high in sugar and/or empty calories, (2) not nutrient-dense, and (3) not intended to be a significant part of a balanced diet.

44.    The Product is required to comply with the Fortification Policy because the Products make nutritional claims.

9

45.     The term "superfruit" suggests that the Products, because of their nutrient content, may help consumers maintain healthy dietary practices. The Products use the term "superfruit" in conjunction with the statement "with Antioxidant Vitamin C," which is an explicit statement about a nutrient. See 21 C.F.R. 101.65(d). Therefore, the Products make a nutritional claim.

46.     Because the Products make a nutritional claim, they must comply with the Fortification Policy. 21 C.F.R. 101.65(d)(2)(iv).

47.     The Product's representation, that "With Antioxidant Vitamin C" is a prohibited and misleading nutrient content claim because.

48.     Nutrient content claims were established by the FDA at the request of Congress to prevent consumers from being misled by the endless terms and descriptors appearing on foods.[1]

49.     The words used in connection with a nutrient tell consumers how much of that nutrient the food or beverage will have.

50.     For instance, if a food or beverage is labeled as a "good source" of a nutrient, it has between ten and nineteen percent of the Recommended Daily Intake ("RDI") or Daily Reference Value ("DRV"). 21 C.F.R. § 101.54(c)(1).

51.     The terms permitted to convey this to consumers include "good source," and its authorized synonyms, "contains," and "provides." 21 C.F.R. § 101.54(c)(1).

52.     Synonyms which are not authorized are prohibited from being used in a nutrient content claim.

53.     The reason is to prevent nutrient content claims which are or can be misleading.

54.     If a company could escape the reach of the regulations by use of a thesaurus,

---

[1] Illinois incorporates the federal food labeling regulations in the Illinois Food, Drug and Cosmetic Act ("IFDCA") and its parallel regulations. See 410 ILCS 620/1, *et seq.*

consumers would be misled.

55.     The Product's statement, "With Antioxidant Vitamin C," is similar to a "good source" claim, because "with" has a similar definition to "contains."

56.     However, "with" is not an authorized synonym for "contains," which means its use is prohibited.

A.  Antioxidants

57.     Antioxidants are compounds which may prevent or delay cell damage, and include vitamins C and E, selenium, beta-carotene, lycopene, lutein, and zeaxanthin.

58.     The antioxidant claim gives the impression the Product is a healthful and nutritious source of vitamin C.

59.     The addition of dried acerola cherry juice in the Products is fortification because this ingredient is used to add Vitamin C, instead of to provide cherry juice.

60.     This is evident because the Product is marketed with a flavor of "Pineapple Mango," and does not even mention a cherry flavor.

61.     The addition of vitamin C is not appropriately added to the Products because there is not a dietary insufficiency caused by a lack of vitamin C that recognized by the scientific community to exist and known to result in a nutritional deficiency disease. 21 C.F.R. 104.20(b).

62.     According to the National Institutes of Health, vitamin C deficiency is rare, and the average American exceeds the RDI for vitamin C.

63.     Vitamin C is water soluble, and any excess is not stored in the body, such that *more* vitamin C will pass through the body.

64.     Alcohol consumption interferes with nutrient absorption, and even where a body

11

absorbs nutrients, alcohol prevents the body from using nutrients by altering the transport, metabolism, and storage of nutrients.

65.     Consumption of alcoholic beverages reduces levels of antioxidants, like vitamin C, in the body.[2]

66.     The addition of vitamin C to the Products is prohibited because it is not added in proportion to the caloric content, because the Product contains 100 calories, yet 20% of the daily value for vitamin C, based on 2,000 calories per day. 21 CFR 104.20(d).

67.     The addition of vitamin C to the Product is prohibited because it does not contain all the required nutrients per 100 calories based on 2,000 calories per day. 21 CFR 104.20(d).

68.     For instance, the Products have no protein. 21 CFR 104.20(d)(3)

69.     The addition of vitamin C to the Products is prohibited because even though vitamin C is generally recognized as safe ("GRAS") under the food additive regulations, upon information and belief, no GRAS notification has been submitted with respect to its addition to alcoholic beverages. 21 CFR 104.20(g); 21 CFR 182.3013, 182.8013.

70.     The addition of vitamin C to the Products is prohibited because it is not bio-available when consumed via an alcohol beverage. 21 CFR 104.20(g)(2).

71.     Defendant's use of the term "superfruit" on the Product labels further implies that the Products are healthy. The term "superfruit" has become an industry term to denote nutrient-dense fruits, synonymous with "healthy" and "nutritious." However, little evidence supports the claim that a dusting of powder provides benefits associated with consumption of a fresh "superfruit."

---

[2] Defeng Wu and Arthur I. Cederbaum. "Alcohol, Oxidative Stress, and Free Radical Damage;" Hartman et al. "Moderate alcohol consumption and levels of antioxidant vitamins and isoprostanes in postmenopausal women."

B. <u>Negative Effects of Consuming Alcoholic Beverage Outweigh Positive Effects from Vitamin C</u>

72.     Even though the Products contain twenty percent of the daily value of vitamin C, it is necessary to consume an alcoholic beverage to get this amount. See 21 C.F.R. § 101.9(c)(8).

73.     The emphasis on "antioxidant Vitamin C" and "Acerola Superfruit" suggests the Product is "a healthful source of nutrients, obscuring the fact that alcoholic beverages provide empty calories, are associated with serious health conditions, and can impair the body's metabolism of nutrients," like vitamin C.[3]

74.     Advertising health benefits of the Product through the addition of antioxidants and "superfruit" caused consumers, like Plaintiffs, to misconstrue the negative effects of even moderate amounts of alcohol consumption, in violation of 21 C.F.R. 101.65(d).

75.      Current scientific research indicates that 20% of the daily value of vitamin C cannot provide health benefits which overcome the negative effects of one alcoholic beverage.

76.     Scientific research suggests that isolated antioxidants, such as vitamin C, do not provide the same health benefits as antioxidants from a diet rich in fruits and vegetables.

77.     Clinical studies show that vitamin C, consumed alone, lacks the same positive effects when it is consumed as part of a diet rich in fruits and vegetables.

78.      Through observing the Product's labeling, Plaintiffs eschewed consumption of foods which were natural sources of vitamin C.

C. <u>Product Lacks a Hint of Real Mango</u>

79.     The Product contains other representations which are false, deceptive, and misleading, including that it has a "hint" of real mango.

---

[3] CSPI, <u>Vizzy Enforcement Letter</u>, Mar. 15, 2021.

80.    "Hint" is understood as describing a non-*de minimis* amount of something.

81.    While pineapple juice is listed on the ingredient list, mango is not.

82.    This means that the Product has no real mango, and at best, only compounds isolated and synthesized from a mango, at some point in time.

## IV.    CONCLUSION

83.    A reasonable consumer would expect that the Products are a healthful source of nutrients and dietary ingredients, such that these additions outweigh any negative effects otherwise associated with alcohol consumption.

84.    Consumers do not expect that products contain labeling which expressly violates the policies and regulations of this state and nation.

85.    Consumers figure that by the time a product gets to the shelves, the companies have "serious people" and "fancy lawyers" who "sign off" on the legitimacy of their labeling.

86.    Thus, there is an implicit acceptance that what they are presented with is truthful, accurate, and in their best interest.

87.    Consumers would not know that the Product is unlawfully fortified and labeled in a way which is not permitted.

88.    This knowledge would require investigation beyond the store aisle, which is outside of what the average consumer can be expected to know.

89.    An average consumer does not have the specialized knowledge necessary to ascertain that the deleterious effects of alcohol which accrue over time will not be overcome by the addition of vitamin C via dried acerola.

90.    Reasonable consumers must and do rely on a company to honestly identify and describe the components, attributes, and features of a product, relative to itself and other

comparable products or alternatives.

91.    By labeling the Product in this manner, Defendant gained an advantage against other companies, and against consumers seeking to purchase a product which contained ingredients whose positive effect outweighed the negative effects from consuming alcohol.

92.    The value of the Product that plaintiffs purchased was materially less than their value as represented by defendant.

93.    Defendant sold more of the Product and at a higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

94.    Had Plaintiffs and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

95.    Plaintiffs paid more for the Product based on the representations than they would have otherwise paid.

96.    As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than no less than $15.99 for a pack of twelve 12 OZ cans, excluding tax, higher than similar products represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

97.    Other similar products without the misleading claims are sold for $8.99 for a pack of twelve 12 OZ cans, excluding tax.

<u>Jurisdiction and Venue</u>

98.    Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

99.    Plaintiff Jennifer Gannon is a citizen of New York.

100.    Plaintiff Darren Williams is a citizen of Illinois.

101.  Defendant Molson Coors Beverage Company USA LLC is a Delaware limited liability company with a principal place of business in Cook County, Chicago, Illinois.

102.  The principal place of business does not impact a limited liability company's citizenship for the purposes for diversity jurisdiction. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

103.  A limited liability company's citizenship includes every state of which its managers or members are citizens. *Corbin v. Fred Weber, Inc.*, No. 3: 21-CV-275-NJR (S.D. Ill. June 14, 2021) citing *Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012).

104.  Based on information obtained from the website of the Illinois Secretary of State, Defendant is managed by five members: E. Lee Reichert, Gavin Hattersley, Tracey Joubert, Preston McGlory, and Gregory Tierney.

105.  All of Defendant's members are listed as having an address of 3939 W Highland Boulevard Milwaukee, Wisconsin, 53208.

106.  This is the address of Defendant's parent company, Molson Coors Beverage Company.

107.  Based upon counsel's investigation, at least one of the members of Defendant, Gavin Hattersley, is a citizen of Wisconsin:

> Gavin Hattersley, chief executive officer of Molson Coors Brewing Co., has purchased a home in the Milwaukee area, which will become his permanent residence.[4]

108.  Therefore, at least one member of Defendant has a citizenship which is diverse from one plaintiff in this action. 28 U.S.C. § 1332(d)(2)(A).

109.  Upon information and belief, sales of the Product and any available statutory and

---

[4] Alex Zank, Molson Coors CEO moving to Milwaukee area, Nov. 18, 2020.

other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

110. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here – the purchase of plaintiff Williams and his experiences identified here.

<u>Parties</u>

111. Plaintiff Jennifer Gannon is a citizen of Mahopac, Putnam County, New York.

112. Plaintiff Darren Williams is a citizen of Rockford, Winnebago County, Illinois.

113. Defendant Molson Coors Beverage  Company USA LLC is a Delaware limited liability company with a principal place of business in Cook County, Chicago, Illinois.

114. Defendant's managing members are citizens of Wisconsin.

115. Defendant is a subsidiary of Molson Coors Beverage Company, which recently relocated from Colorado to Wisconsin.

116. The website of the Colorado Secretary of State and official documents filed with regulatory authorities listed the headquarters of Molson Coors Beverage Company as Colorado at the time the initial complaint was filed.

117. Molson Coors Beverage Company is one of the largest producers of alcoholic beverages in the world.

118. Defendant is the custodian of several of the most respected brands in this field, including Coors and Molson.

119. Vizzy Hard Seltzer is manufactured, labeled, marketed, and sold by Molson Coors Beverage Company USA LLC.

120. Vizzy Hard Seltzer was introduced to capitalize on growing consumer demand for "hard seltzer," which are increasingly formulated and marketed to appear as healthy "fruit"

beverages, like juice or a low-calorie seltzer.

121.  Defendant's vast marketing abilities realized that to drive sales, it could further bring consumers to consume hard seltzer by the addition of "healthful" qualities, such as the addition of vitamins and nutrients.

122.  Plaintiff Gannon purchased the Product on at least one occasion within the statutes of limitations for each cause of action, including between February and March 2021, at locations including Stop and Shop Supermarket, 80 Birdsall Road, Baldwin Place, New York, 10505.

123.  Plaintiff Williams purchased the Product on at least one occasion within the statutes of limitations for each cause of action, including between April and May 2021, at locations including Target, 6560 East State Street Rockford IL 61108.

124.  Plaintiffs bought and consumed the Product knowing the negative effects of alcoholic beverages but believed the addition of nutrients – antioxidant vitamin C via the "superfruit" acerola – made up for any downside.

125.  The Product was worth less than what Plaintiffs paid and they would not have paid as much absent Defendant's false and misleading statements and omissions.

126.  Plaintiffs paid more for the Product than they would have paid otherwise.

127.  Plaintiffs intend to, seek to, and will purchase the Product again when they can do so with the assurance that Product's representations about its components, ingredients and qualities are consistent with its representations, i.e., the Product no longer misleadingly touts its health benefits, such that a false impression is created.

<u>Class Allegations</u>

128.  The class will consist of all purchasers of the Product who reside in New York and Illinois during the applicable statutes of limitations.

129.  Plaintiffs seek class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

130.  Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiffs and class members are entitled to damages.

131.  Plaintiffs' claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

132.  Plaintiffs are adequate representative because their interests do not conflict with other members.

133.  No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

134.  Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

135.  Plaintiffs' counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

136.  Plaintiffs seek class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349-350 and<br>Illinois Consumer Fraud and Deceptive Business Practices Act<br>("ICFA"), 815 ILCS 505/1, et seq.</u>

<u>(On Behalf of the New York and Illinois Proposed Classes)</u>

137.  Plaintiffs incorporate by reference all preceding paragraphs.

138.   Plaintiffs and class members bought the Product because they believed, based on the representations, that alcoholic beverages could be healthful sources of nutrients.

139.   Defendant's false and deceptive representations and omissions are material in that they are likely to influence consumer purchasing decisions.

140.   Defendant misrepresented the Product through statements, omissions, ambiguities, half-truths and/or actions.

141.   Plaintiffs relied on the representations.

142.   Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability and
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

(On Behalf of the New York and Illinois Proposed Classes)

143.   The Product was manufactured, labeled and sold by defendant and expressly and impliedly warranted to plaintiffs and class members that the nutrients it contained outweighed the negative aspects of alcoholic beverages, such as excess calories and increased risk of ailments.

144.   Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

145.   This duty is based on Defendant's outsized role in the market for this type of Product.

146.   Plaintiffs provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

147.   Defendant received notice and should have been aware of these issues due to complaints by regulators, competitors, consumers, and public health interest groups, including the Center for Science in the Public Interest ("CSPI"), to its main offices or that were received in its

main offices.

148. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because they were not fit to pass in the trade as advertised.

149. Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Negligent Misrepresentation</u>

<u>(On Behalf of the New York and Illinois Proposed Classes)</u>

150. Defendant had a duty to truthfully represent the Product, which it breached.

151. This duty is based on defendant's position, holding itself out as having special knowledge and experience this area – a trusted brewer of alcoholic beverages.

152. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant.

153. Plaintiffs reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchases of the Product.

154. Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

<u>(On Behalf of the New York and Illinois Proposed Classes)</u>

155. Defendant misrepresented and/or omitted the attributes and qualities of the Product.

156. Defendant's fraudulent intent is evinced by its knowledge that alcoholic beverage cannot and should not serve as healthful sources of nutrients, and their consumption should be limited, not encouraged.

Unjust Enrichment

(On Behalf of the New York and Illinois Proposed Classes)

157.  Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiffs and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiffs demand a jury trial on all issues.

**WHEREFORE**, Plaintiffs pray for judgment:

1.  Declaring this a proper class action, certifying plaintiffs as representatives and the undersigned as counsel for the class;

2.  Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3.  Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4.  Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5.  Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

6.  Other and further relief as the Court deems just and proper.

Dated:   October 30, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
60 Cuttermill Rd Ste 409

Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com

3:21-cv-50207
United States District Court
Northern District of New York

Darren Williams, Jennifer Gannon, individually and on behalf of all others similarly situated,

Plaintiffs,

- against -

Molson Coors Beverage Company USA LLC,

Defendant

## First Amended Class Action Complaint

```
Sheehan & Associates, P.C.
 60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
   Tel: (516) 268-7080
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  October 30, 2021

/s/ Spencer Sheehan
Spencer Sheehan

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The  civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| Darren Williams, Jennifer Gannon, individually and on behalf of all others similarly situated | Molson Coors Beverage Company USA LLC |

| (b)   County of Residence of First Listed Plaintiff _____Winnebago_____ | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| (c)   Attorneys *(Firm Name, Address, and Telephone Number)*<br>Sheehan & Associates, P.C., 60 Cuttermill Rd Ste 409 Great Neck NY 11021-3104 (516) 268-7080 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
         Plaintiff

☐ 3   Federal Question
         *(U.S. Government Not a Party)*

☐ 2   U.S. Government
         Defendant

☑ 4   Diversity
         *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions .

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment<br>     & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted<br>     Student Loans<br>     (Excludes Veterans)<br>☐ 153 Recovery of Overpayment<br>     of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product<br>     Liability<br>☐ 320 Assault, Libel &<br>     Slander<br>☐ 330 Federal Employers'<br>     Liability<br>☐ 340 Marine<br>☐ 345 Marine Product<br>     Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle<br>     Product Liability<br>☐ 360 Other Personal<br>     Injury<br>☐ 362 Personal Injury -<br>     Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury -<br>     Product Liability<br>☐ 367 Health Care/<br>     Pharmaceutical<br>     Personal Injury<br>     Product Liability<br>☐ 368 Asbestos Personal<br>     Injury Product<br>     Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal<br>     Property Damage<br>☐ 385 Property Damage<br>     Product Liability | ☐ 625 Drug Related Seizure<br>     of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal<br>     28 USC 157<br>**INTELLECTUAL<br>PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent-Abbreviated<br>     New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets<br>     Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC<br>     3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and<br>     Corrupt Organizations<br>☐ 480 Consumer Credit<br>     (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer<br>     Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/<br>     Exchange |
|  |  |  | **LABOR** | **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
|  |  |  | ☑ 710 Fair Labor Standards<br>     Act<br>☐ 720 Labor/Management<br>     Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical<br>     Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement<br>     Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters<br>☐ 895 Freedom of Information<br>     Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/<br>     Accommodations<br>☐ 445 Amer. w/Disabilities-<br>     Employment<br>☐ 446 Amer. w/Disabilities-<br>     Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate<br>     Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee -<br>     Conditions of<br>     Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration<br>     Actions | ☐ 870 Taxes (U.S. Plaintiff<br>     or Defendant)<br>☐ 871 IRS—Third Party<br>     26 USC 7609 | Act/Review or Appeal of<br>     Agency Decision<br>☐ 950 Constitutionality of<br>     State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☑ 1   Original
         Proceeding

☐ 2   Removed from
         State Court

☐ 3   Remanded from
         Appellate Court

☐ 4   Reinstated or
         Reopened

☐ 5   Transferred from
         Another District
         *(specify)*

☐ 6   Multidistrict
         Litigation -
         Transfer

☐ 8   Multidistrict
         Litigation -
         Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
False advertising

## VII. REQUESTED IN COMPLAINT:

☑   CHECK IF THIS IS A CLASS ACTION
      UNDER RULE 23, F.R.Cv.P.

DEMAND $
5,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☑ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

| DATE<br>October 30, 2021 | SIGNATURE OF ATTORNEY OF RECORD<br>/s/ Spencer Sheehan |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

# CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _____ Spencer Sheehan _____ , counsel for _____ plaintiffs _____ , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑      monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☑      the complaint seeks injunctive relief,

☐      the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)      Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?      ☐   Yes    ☑   No

2.)      If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?      ☐   Yes    ☑   No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?      ☑   Yes    ☐   No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No", does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?      ☐   Yes    ☐   No
     (Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

     ☑    Yes          ☐    No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

     ☐    Yes    (If yes, please explain)      ☑    No

I certify the accuracy of all information provided above.

**Signature:** /s/Spencer Sheehan _____

Last Modified: 11/27/2017

JS 44C/SDNY
REV.
10/01/2020

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Darren Williams, Jennifer Gannon, individually and on behalf of all others similarly situated | Molson Coors Beverage Company USA LLC |

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Sheehan & Associates, P.C., 60 Cuttermill Rd Ste 409 Great
Neck NY 11021-3104 (516) 268-7080

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
                          (DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC § 1332; False advertising

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [x] Yes ☐    Judge Previously Assigned

If yes, was this case  Vol. ☐ Invol. ☐ Dismissed.  No ☐ Yes ☐ If yes, give date _____ & Case No. _____

Is this an international arbitration case?    No [x]    Yes ☐

*(PLACE AN [x] IN ONE BOX ONLY)*                 NATURE OF SUIT

TORTS

**CONTRACT**

[ ] 110   INSURANCE
[ ] 120   MARINE
[ ] 130   MILLER ACT
[ ] 140   NEGOTIABLE
          INSTRUMENT
[ ] 150   RECOVERY OF
          OVERPAYMENT &
          ENFORCEMENT
          OF JUDGMENT
[ ] 151   MEDICARE ACT
[ ] 152   RECOVERY OF
          DEFAULTED
          STUDENT LOANS
          (EXCL VETERANS)
[ ] 153   RECOVERY OF
          OVERPAYMENT
          OF VETERAN'S
          BENEFITS
[ ] 160   STOCKHOLDERS
          SUITS
[ ] 190   OTHER
          CONTRACT
[ ] 195   CONTRACT
          PRODUCT
          LIABILITY
[ ] 196   FRANCHISE

**REAL PROPERTY**

[ ] 210   LAND
          CONDEMNATION
[ ] 220   FORECLOSURE
[ ] 230   RENT LEASE &
          EJECTMENT
[ ] 240   TORTS TO LAND
[ ] 245   TORT PRODUCT
          LIABILITY
[ ] 290   ALL OTHER
          REAL PROPERTY

**PERSONAL INJURY**

[ ] 310   AIRPLANE
[ ] 350   AIRPLANE PRODUCT
          LIABILITY
[ ] 320   ASSAULT, LIBEL &
          SLANDER
[ ] 330   FEDERAL
          EMPLOYERS'
          LIABILITY
[ ] 340   MARINE
[ ] 345   MARINE PRODUCT
          LIABILITY
[ ] 350   MOTOR VEHICLE
[ ] 355   MOTOR VEHICLE
          PRODUCT LIABILITY
[ ] 360   OTHER PERSONAL
          INJURY
[ ] 362   PERSONAL INJURY -
          MED MALPRACTICE

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[ ] 440   OTHER CIVIL RIGHTS
          (Non-Prisoner)
[ ] 441   VOTING
[ ] 442   EMPLOYMENT
[ ] 443   HOUSING/
          ACCOMMODATIONS
[ ] 444   AMERICANS WITH
          DISABILITIES -
          EMPLOYMENT
[ ] 446   AMERICANS WITH
          DISABILITIES -OTHER
[ ] 448   EDUCATION

**PERSONAL INJURY**

[ ] 367   HEALTHCARE/
          PHARMACEUTICAL PERSONAL
          INJURY/PRODUCT LIABILITY
[ ] 365   PERSONAL INJURY
          PRODUCT LIABILITY
[ ] 368   ASBESTOS PERSONAL
          INJURY PRODUCT
          LIABILITY

**PERSONAL PROPERTY**

[ ] 820   COPYRIGHTS
[x] 370   OTHER FRAUD
[ ] 371   TRUTH IN LENDING

[ ] 380   OTHER PERSONAL
          PROPERTY DAMAGE
[ ] 385   PROPERTY DAMAGE
          PRODUCT LIABILITY

**PRISONER PETITIONS**

[ ] 463   ALIEN DETAINEE
[ ] 510   MOTIONS TO
          VACATE SENTENCE
          28 USC 2255
[ ] 530   HABEAS CORPUS
[ ] 535   DEATH PENALTY
[ ] 540   MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**

[ ] 550   CIVIL RIGHTS
[ ] 555   PRISON CONDITION
[ ] 560   CIVIL DETAINEE
          CONDITIONS OF CONFINEMENT

**FORFEITURE/PENALTY**

[ ] 625   DRUG RELATED
          SEIZURE OF PROPERTY
          21 USC 881
[ ] 690   OTHER

**PROPERTY RIGHTS**

[ ] 830   PATENT
[ ] 835   PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840   TRADEMARK

**LABOR**

[ ] 710   FAIR LABOR
          STANDARDS ACT
[ ] 720   LABOR/MGMT
          RELATIONS
[ ] 740   RAILWAY LABOR ACT
[ ] 751   FAMILY MEDICAL
          LEAVE ACT (FMLA)
[ ] 790   OTHER LABOR
          LITIGATION
[ ] 791   EMPL RET INC
          SECURITY ACT (ERISA)

**IMMIGRATION**

[ ] 462   NATURALIZATION
          APPLICATION
[ ] 465   OTHER IMMIGRATION
          ACTIONS

**BANKRUPTCY**

[ ] 422   APPEAL
          28 USC 158
[ ] 423   WITHDRAWAL
          28 USC 157

[ ] 880   DEFEND TRADE SECRETS ACT

**SOCIAL SECURITY**

[ ] 861   HIA (1395ff)
[ ] 862   BLACK LUNG (923)
[ ] 863   DIWC/DIWW (405(g))
[ ] 864   SSID TITLE XVI
[ ] 865   RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870   TAXES (U.S. Plaintiff or
          Defendant)
[ ] 871   IRS-THIRD PARTY
          26 USC 7609

**OTHER STATUTES**

[ ] 375   FALSE CLAIMS
[ ] 376   QUI TAM
[ ] 400   STATE
          REAPPORTIONMENT
[ ] 410   ANTITRUST
[ ] 430   BANKS & BANKING
[ ] 450   COMMERCE
[ ] 460   DEPORTATION
[ ] 470   RACKETEER INFLU-
          ENCED & CORRUPT
          ORGANIZATION ACT
          (RICO)
[ ] 480   CONSUMER CREDIT
[ ] 480   TELEPHONE CONSUMER
          PROTECTION ACT

[ ] 490   CABLE/SATELLITE TV
[ ] 850   SECURITIES/
          COMMODITIES/
          COMMODITIES/

[ ] 890   OTHER STATUTORY
          ACTIONS
[ ] 891   AGRICULTURAL ACTS
[ ] 893   ENVIRONMENTAL
          MATTERS
[ ] 895   FREEDOM OF
          INFORMATION ACT
[ ] 896   ARBITRATION

[ ] 899   ADMINISTRATIVE
          PROCEDURE ACT/REVIEW OR
          APPEAL OF AGENCY DECISION

[ ] 950   CONSTITUTIONALITY OF
          STATE STATUTES

*Check if demanded in complaint:*

[x] CHECK IF THIS IS A CLASS ACTION
    UNDER F.R.C.P. 23

DEMAND $ 5,000,000    OTHER

*Check YES only if demanded in complaint*

JURY DEMAND: [x] YES ☐ NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE _____          DOCKET NUMBER _____

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

*(PLACE AN  x  IN ONE BOX ONLY)*      **ORIGIN**

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from (Specify District)    ☐ 6 Multidistrict Litigation (Transferred)    ☐ 7 Appeal to District Judge from Magistrate Judge

☐ **a. all parties represented**

☐ **b. At least one party is pro se.**

☐ 8 Multidistrict Litigation (Direct File)

*(PLACE AN  x  IN ONE BOX ONLY)*      **BASIS OF JURISDICTION**      ***IF DIVERSITY, INDICATE CITIZENSHIP BELOW.***

☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 FEDERAL QUESTION    ☒ 4 DIVERSITY

(U.S. NOT A PARTY)

## CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [×] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [×] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
Darren Williams, 511 N Church St Apt 1301 Rockford IL 61103-6852 , Winnebago County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
Molson Coors Beverage Company USA LLC, , Jefferson County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

## COURTHOUSE ASSIGNMENT

I hereby certify that this  case should be assigned  to the courthouse  indicated below pursuant to  Local Rule for Division  of Business 18, 20 or 21.

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    ☒ WHITE PLAINS    ☐ MANHATTAN

DATE  10/30/2021      SIGNATURE OF ATTORNEY OF RECORD      ADMITTED TO PRACTICE IN THIS DISTRICT

/s/ Spencer Sheehan

[ ] NO

RECEIPT #      [×] YES  (DATE ADMITTED  Mo.  07   Yr.  2012  )

Attorney Bar Code #  SS-2056

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____ .

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

ILND 44 (Rev. 09/20) **CIVIL COVER SHEET**

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS

Darren Williams, Jennifer Gannon, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff     Winnebago
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(firm name, address, and telephone number)*
Sheehan & Associates, P.C., 60 Cuttermill Rd Ste 409 Great Neck NY 11021-3104 (516) 268-7080

## DEFENDANTS

Molson Coors Beverage Company USA LLC

County of Residence of First Listed Defendant
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Governmen Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☑ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*

*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

| CONTRACT | TORTS | | PRISONER PETITIONS | LABOR | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 530 General | ☐ 530 General | ☐ 720 Labor/Management Relations | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 690 Death Penalty | ☐ 740 Railway Labor Act | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | **Habeas Corpus:** | ☐ 751 Family and Medical Leave Act | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine<br>☐ 345 Marine ProductLiability | | ☐ 540 Mandamus & Other<br>☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | ☐ 430 Banks and Banking<br>☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 555 Prison Condition<br>☐ 560 Civil Detainee - | ☐ 791 Employee Retirement Income Security Act | ☐ 460 Deportation<br>☐ 470 Racketeer Influenced |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | ☑ 370 Other Fraud | Conditions of Confinement | | and Corrupt Organizations<br>☐ 480 Consumer Credit |
| ☐ 153 Recovery of Veteran's Benefits | ☐ 362 Personal Injury Medical Malpractice | ☐ 371 Truth in Lending | | **PROPERTY RIGHTS** | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | | ☐ 380 Other Personal | | ☐ 820 Copyrights | Protection Act (TCPA) |
| ☐ 190 Other Contract | | Property Damage | | ☐ 830 Patent | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | ☐ 380 Property Damage Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 (DTSA) | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 861 HIA (1395ff) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | **IMMIGRATION** | | ☐ 864 SSID Title XVI | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities-Employment | ☐ 462 Naturalization Application | | ☐ 865 RSI (405(g)) | Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities-Other | ☐ 463 Habeas Corpus – Alien Detainee | | **FEDERAL TAXES** | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | **(Prisoner Petition)**<br>☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Check one box, only.)*

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District (specify)
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation – Direct File

## VI. CAUSE OF ACTION *(Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)*

28 U.S.C. § 1332; false advertising

## VII. PREVIOUS BANKRUPTCY MATTERS *(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)*

## VIII. REQUESTED IN COMPLAINT:

☑ Check if this is a class action under Rule 23, F.R.Cv.P.

Demand $   5,000,000.00

CHECK Yes only if demanded in complaint:
Jury Demand: ☑ Yes   ☐ No

## IX. RELATED CASE(S) IF ANY *(See instructions):*

Judge          Case Number

## X. Is this a previously dismissed or remanded case? ☐ Yes ☐ No If yes, Case #    Name of Judge

Date:    October 30, 2021        Signature of Attorney of Record    /s/Spencer Sheehan

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| Darren Williams, Jennifer Gannon, individually and on behalf of all others similarly situated, <br><br> _____ <br> *Plaintiff(s)* <br> v. <br> Molson Coors Beverage Company USA LLC, <br><br> _____ <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 3:21-cv-50207

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*     Molson Coors Beverage Company USA LLC

c/o Incorporating Services, Ltd.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Sheehan & Associates, P.C., 60 Cuttermill Rd Ste 409 Great Neck NY 11021-3104 (516) 268-7080

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 3:21-cv-50207

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

Darren    Williams,    Jennifer    Gannon,
individually  and  on  behalf  of  all  others
similarly situated

               Plaintiff(s)

CASE NUMBER:       3:21-cv-50207

         V.

Molson Coors Beverage Company USA LLC

ASSIGNED JUDGE:

DESIGNATED
MAGISTRATE JUDGE:

      Defendant(s)

TO: (Name and address of Defendant)

     Molson Coors Beverage Company USA LLC
     c/o Incorporating Services, Ltd.

    **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

    Sheehan & Associates, P.C., 60 Cuttermill Rd Ste 409 Great Neck NY 11021-3104
    (516) 268-7080

an answer to the complaint which is herewith served upon you, _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

AO 440  (Rev. 05/00) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|
|     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct. <br><br> Executed on _____   _____ <br>            Date         *Signature of Server* <br><br><br>            _____ <br>            *Address of Server* |

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.